## Molnar *v.* State of Indiana.

[No. 25,139.   Filed August 27, 1931.]

*Walter R. Arnold* and *D. D. Nemeth,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George J. Mueller,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant was charged by affidavit in three counts filed in the court below October 20, 1925, tried and convicted on each of them: (1) For having unlawfully in his possession intoxicating liquor; (2) unlawfully maintaining and assisting in maintaining a common nuisance; and (3) unlawfully selling intoxicating liquor on or about September 25, 1925. Acts 1925 p. 144, §§4, 24, §§2717, 2740 Burns 1926. He appealed from the judgment of the trial court, and has here assigned as errors the overruling of his motion for a new trial and the overruling of his motion in arrest of judgment.

The alleged causes for a new trial are that the finding of the court was not sustained by sufficient evidence and that it was contrary to law. Under these specifications, it is insisted that there was no proof of possession by appellant of intoxicating liquor, and no competent testimony that he sold intoxicating liquor or that he was operating or assisting in maintaining a liquor nuisance.

Appellant was convicted upon the testimony of two policemen of South Bend and one federal prohibition agent with headquarters at Indianapolis. The police officers testified that appellant had a place of business in South Bend, St. Joseph County, Indiana, for the sale of soft drinks, and, on September 29, 1925, after having obtained a search warrant, they, with two other policemen and two federal prohibition agents, went to appellant's place of business, where they found appellant and two other men standing at the bar. They found a bottle which appellant had thrown into

the wash tank under the counter, which contained moonshine whisky, and a glass on the counter which one of the men had used, and, in the opinion of the witnesses, it had contained moonshine whisky; also a part of a bottle in a shed on the rear part of the lot, the front of which was occupied by appellant. The evidence as to the bottle found in the shed would not justify a conviction, as neither the bottle nor shed was shown to be under the control of appellant. In fact, the evidence was to the contrary. The articles obtained by the officers were not produced in court.

The prohibition agent who testified said that, on September 4, 1925, he, with his then associate agent, purchased from appellant four glasses of wine, for which they paid 15 cents a glass, and that the wine was intoxicating, and, on September 14, they purchased from appellant three glasses of wine, one bottle of home-brew and two drinks of moonshine whisky, paying 15 cents a glass for the wine, 15 cents for the bottle of beer and 25 cents a drink for the whisky. They knew these liquors were intoxicating from the effect they received from drinking them. On that same day, these agents had been at other places and purchased beer.

We have read carefully all of the evidence in this case. Regardless of what we may think of its weight as a whole to show guilt beyond a reasonable doubt, we would not be justified in saying that there was no evidence to show a sale, possession, or that appellant was maintaining or assisting in maintaining a place where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage, and that it was there kept for sale. There was evidence to sustain the court's findings.

The motion in arrest of judgment challenged each count of the affidavit on the ground that they, separately

considered, failed to state facts constituting a ▌▌ public offense, in that §4 of the statute upon which counts one and three are predicated, instead of being specific, definite and certain, is uncertain and indefinite as to facts or conditions under which possession or a sale of intoxicating liquor may or may not be a violation of it; that by it persons may be penalized "for having property in their possession without any intention of thereby committing a crime," thus depriving them of their property or liberty without due process of law, contrary to our federal and state Constitutions. That the second count was insufficient because §24 of the act is indefinite and uncertain, in that (a) it assumes to render the possession of more than one quart of intoxicating liquor *prima facie* evidence that it is kept for unlawful sale; (b) that it fails to define the act or conduct constituting the crime with sufficient particularity to inform one when he is committing an offense, as required by the Constitution of Indiana. Neither the article nor a section of either Constitution claimed to be violated is pointed out. If the pleader had in mind Art. 5 or Art. 14, §1, amendments to the federal Constitution, it will be sufficient to say that Art. 5 has no application to state legislation. *Barrett* v. *State* (1911), 175 Ind. 112, 93 N. E. 543; *School Town of Windfall City* v. *Somerville* (1914), 181 Ind. 463, 470, 104 N. E. 859, Ann. Cas. 1916 D 661; *Simmons* v. *Simmons* (1917), 186 Ind. 575, 116 N. E. 49. Under the Fourteenth Amendment, *supra,* "due process of law" signifies a right to be heard in one's defense, and in no way does it undertake to control the power of the state to determine the method of procedure, providing a reasonable and fair opportunity is given a party to make a defense to the charge preferred against him. *Frank* v. *Mangum* (1915), 237 U. S. 309, 326, 35 Sup. Ct. 582, 59 L. Ed. 969; *Hovey* v. *Elliott* (1897), 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215; *Iowa Central*

*R. Co.* v. *Iowa* (1896), 160 U. S. 389, 16 Sup. Ct. 344, 40 L. Ed. 467.

Appellant has failed to indicate the provision in our state Constitution which he construes as a "due process of law" clause, or any other provision inhibiting the Legislature from passing the *prima facie* evidence phrase challenged by him. While the Legislature may declare proof of a fact *prima facie* evidence of the existence of another fact, yet the probative force of the latter fact would have no weight when rebutted by admissible evidence. *Bailey* v. *State of Alabama* (1911), 219 U. S. 219, 234, 31 Sup. Ct. 145, 55 L. Ed. 191.

Generally speaking, it may be said that the objections here urged against §§4 and 24 were presented, considered and decided against appellant's insistence in *Csallo* v. *State* (1914), 198 Ind. 693, 154 N. E. 671, and *VerWilst* v. *State* (1928), 200 Ind. 30, 161 N. E. 249.

Judgment affirmed.