PIKE COUNTY COAL CORPORATION *v.* INDUSTRIAL BOARD OF INDIANA ET AL.

[No. 25,588.   Filed December 22, 1933.]

*Miller, Dailey & Thompson* and *Hays & Hays,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Dale F. Stansbury,* Deputy Attorney-General, *Edward M. White,* Assistant Attorney-General, *Charles E. Cox, Charles B. Welliver,* and *Robert A. Adams,* for appellees.

HUGHES, J.—This action was brought by appellant to enjoin appellees, the Industrial Board of Indiana and the members and secretary thereof from awarding compensation under the provision of Chapter 34 of the Acts of 1927, on the ground that said Act is void because of its failure to comply with Article 4, Section 21, of the Constitution of Indiana.

The only question presented is the constitutionality of the Act of 1927.

The General Assembly of Indiana in 1915 enacted the Indiana Workmen's Compensation Act which is Chapter 106, page 392, Section 9485, Burns 1926 (§16416, Baldwin's 1934). Section 40 of said Act is as follows:

"In computing compensation under the foregoing sections, the average weekly wages of an employee shall be considered not to be more than twenty-four dollars, nor less than ten dollars; and Provided further, That the total compensation payable under this Act shall in no case exceed five thousand dollars ($5,000)."

The General Assembly of 1927 enacted Chapter 34, page 90, which is "An Act Concerning Workmen's Compensation," and which act, approved March 1, 1927, is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Indiana: In computing compensation under the Workmen's Compensation Act the average weekly wages of an employee shall be considered not to be more than thirty dollars nor less than sixteen: *Provided,* That the weekly compensation shall in no case exceed the average weekly wage of the employee at the time of the injury; and, *Provided, further,* That the maximum compensation which shall be paid for an injury,

under any combination of its provisions shall not exceed five thousand dollars in any case.

Section 2. That Section forty (40) of the Indiana Workmen's Compensation Act as so constituted is hereby repealed."

It is the contention of the appellant that Chapter 34, page 90, of the Acts of 1927 is merely an amendment of Section 40 of the Workmen's Compensation Act of 1915, and that in order for it to be valid and constitutional the title to Workmen's Compensation Act of 1915 should have been referred to by setting it out, and the act as revised or section as amended should have been set forth and published at full length, neither of which was done in Chapter 34, page 90, of the Acts of 1927, and the act is therefore invalid and unconstitutional, because it is in direct violation and contravention of Section 21, Article 4, of the Constitution of Indiana, which provides:

"No act shall ever be revised or amended by mere reference to its title; but the Act revised or Section amended shall be set forth and published at full length."

We will first consider the purpose of the foregoing constitutional provision.

The State of Michigan has practically the same constitutional provision as the above and in the case of *The People* v. *Mahaney* (1865), 13 Mich. 481, page 496, the court, by Judge Cooley, said:

"This constitutional provision must receive a reasonable construction, with a view to give it effect. The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that the legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words, or to substitute one phrase for another

in an act or section which was only referred to but not published, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by this provision, and cannot be held to be prohibited by it without violating its plain intent."

In the case of *Greencastle Southern Turnpike Co.* v. *The State ex rel. Malot* (1867), 28 Ind. 382, page 386, the court said:

"The reading and the object of section 21, Article 4, are plain. That section requires that every enactment of the legislature shall be complete within itself, that the present state of the law on any given subject may be learned by reading the last enactment, without resorting to the old. . . . The old law, and the mischiefs existing under it, ought not to be forgotten in giving interpretation to such clauses. Let us mention them. Under the Constitution of 1816, a section might have been amended by the passage of an act running thus:

"Be it enacted, etc., that section 26 of an act entitled 'an act regulating descents and the apportionment of estate's approved May 14, 1852, be and it is hereby amended by inserting after the word 'within' the words 'neither brothers and sisters, nor their descendants.' "

"The mischiefs of this practice were numerous, and in some respects grievous. It required much labor and pains on the part of the legislators to enable them to understand the effect of such bills. Sometime, in the haste of the last hours of a session, this care being scarcely practicable, bills in this form were passed which never could have received legislative sanction if they had been understood and in the administration of the law constant reference and comparison of statutes were necessary to render such acts intelligible."

The case of *The State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469, involved the validity of an act of the

General Assembly, approved March 11, 1895, entitled an "Act to better regulate and restrict the sale of intoxicating, spirituous, vinous, and malt liquors." It was the contention of the appellee that the act was in substance and effect an amendment of the license law of 1875, and not in conformity to Section 21, Article 4, of the Constitution and therefore void. The court said:

"Neither by its title nor ·by its terms does it expressly profess to be amendatory of any statute. Its title indicates it to be a distinct and original enactment; and while it is true that it refers to existing laws, relating to the granting of a license, and has a bearing upon the same, and may result in modifying or amending certain parts thereof by implication, still, this, in reason, cannot be said to bring it within the mischief which the provision of the Constitution referred to was designed to prohibit. . . . With equal force might the authority of the legislature be denied to enact a general law, limiting the time of taking appeals to this Court to six months, thereby changing or amending by implication the law as it now exists relative to the time for taking such appeals. Such a statute might with the same consistency be attacked for the same reason, namely that the existing statute, which it amended or modified by implication, should have been published at length as amended. Surely such a contention could not be sustained. It is true that some portions of the act in question operate upon persons who are exercising rights under the Act of 1875, and to that extent only it depends upon the latter law, but this fact manifestly would not bring it within the objections urged by counsel for appellee. Again upon another view of the question, it may be said, that the legislature, by a long continued and unquestioned practice in the passage of laws which in effect modified or amended other acts upon the same subject, without setting or specifically referring to those so changed or amended, has given a practical construction upon the question involved. (The Court here sets out many enactments illustrating the propositions involved.) . . . Each of these acts might be said to be as amendatory of the original and existing laws upon

the same subject as is the statute in controversy. This continued and repeated practice of the legislature, unquestioned for a period of over forty years, becomes a potent factor, and lends much strength to an interpretation of the Constitution favoring the authority of the General Assembly to enact, in the manner it did, the law under consideration." See *Branham* v. *Lange* (1861), 16 Ind. 497; *Barton* v. *McWhinney* (1882), 85 Ind. 481.

The case of *Board, etc* v. *Lindeman* (1905), 165 Ind. 186, 73 N. E. 912, is strongly in point in the instant case. The appellee was elected clerk of the Perry Circuit Court and entered upon his duties March 11, 1900, and served until March 11, 1904. The fees taxed were not sufficient to pay his annual salary of $2,000, as fixed by section 83 of the Act of 1895. This action was brought under the provision of section one of the Act of 1903, p. 140. Under section one of said act the officers named therein—clerks and sheriffs who had not collected and paid into the county treasury fees equaling in amount their respective salaries are entitled to recover the same in full from the county, not, however, extending back further than January 1, 1900, provided they show in the manner required in said section that the fees earned by them and not collected are not collectable, and that all fees collected by them have been paid into the county treasury.

Said act did not pretend to be an amendment of the fee and salary law of 1895. Acts 1895, page 319. It was an independent act and was limited to the salary of the clerks and sheriffs of the different counties. As to the salaries of these officers, all laws and all parts of laws in conflict with the Act of 1903 were repealed, just as section forty of the Workmen's Compensation Act of 1915 was repealed by the Act of 1927, in controversy. It was contended in this case that the Act of 1903 was unconstitutional because it was in contravention of sec-

tion 21, of article 4, of the Constitution. The court, in disposing of this question, said:

> "The act in controversy does not profess to be an amendment of any statute. It is true that it refers to existing laws and to some extent modifies the same by implication, but it is not an amendment within the meaning of Section 21, Article 4, of the Constitution, and is not in violation thereof."

The Act of 1927 does not assume, in terms, to amend or revise any prior act. It is true that it repeals section forty of the 1915 act, and in place thereof enacts a new law which takes the place of the old, but in doing so, in our judgment, it does not violate section 21, article 4, of the Constitution.

The purpose of said constitutional provision, as found in numerous decisions, was to make an act so complete and clear in itself that it would be intelligible and its purport easily ascertained by reading the act itself. It was to prevent the patching up of an old law so that the meaning of the new law could not be easily ascertained, and, as said in the case of the *Greencastle Turnpike Co.* v. *State, supra,* this provision of the Constitution requires that every enactment of the legislature shall be complete within itself, that the present state of the law on any given subject may be learned by reading the last enactment without the necessity of resorting to the old.

The Act of 1927 is clear, intelligible, and its purport easily ascertained by a reading of the act. In our judgment it fulfills the purpose and object of the constitutional provision in question and is not in violation thereof.

Judgment affirmed.