# IN THE MATTER OF THE CLAIM OF WILL C. CRAWFORD FOR SALARY AS SUPERINTENDENT OF PUBLIC INSTRUCTION IN THE TERRITORY OF HAWAII.

## No. 2220.

ARGUED APRIL 20, 1936.        DECIDED MAY 18, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

## OPINION OF THE COURT BY COKE, C. J.

Will C. Crawford, until recently the superintendent of public instruction in the Territory, is attempting, through the medium of an appeal from an adverse ruling of the territorial auditor, to enforce a demand against the Territory in the sum of $469.47, which he claims represents the amount of official salary due him for services rendered during the month of June, 1934. It appears that Crawford, without leave of absence granted by the governor, quit the Territory on June 2, 1934, and took up his permanent residence in the State of California. These facts were the basis of the auditor's disallowance of the claim.

Section 584, R. L. 1935, confers upon a person whose claim against the Territory has been disallowed by the auditor the right of appeal to the "supreme court justices" who, after such an investigation as shall by them be considered equitable, may make such order directing the relief of the appellant in whole or in part as shall appear to them to be just and reasonable. The decision of the justices shall be final upon all parties.

Unlike numerous other local statutes conferring upon aggrieved persons the right of appeal, section 584 prescribes no fixed time within which the appeal shall be taken. In the present case appellant's claim was disallowed by the auditor on November 14, 1934. The notice of appeal was filed on June 10, 1935. The auditor has interposed a motion to dismiss the appeal upon the ground that the appellant did not file his appeal within a reasonable time after the decision of the auditor was rendered. Appellant's counsel argues that because there is no time limit fixed in the statute for taking an appeal of this character, the appeal may be perfected at any time within the period of limitation prescribed by statute for bringing an action upon the claim. Assuming, but not deciding, that under section 3910, R. L. 1935, an action may be instituted by the appellant for the recovery of the claim within six years from the time the action accrued, it follows that if counsel's argument is sound appellant may take his appeal at any time within six years from the date his claim was rejected. The auditor's counsel, on the other hand, insists that the time limit for the appeal should be governed by the rule of reasonableness, deducible from other territorial statutes which prescribe definite periods of time within which a party contemplating an appeal may act. He points out that an appeal from a decision of a circuit judge must be perfected within ten days after the date of the decision (section 3501, R. L.

1935) ; a party desiring to come to this court on exceptions must present his bill of exceptions within twenty days (section 3530, R. L. 1935) ; an appeal by a taxpayer to the divisional board of review must be taken within thirty days (section 1937, R. L. 1935). He refers also to numerous other statutes of similar import. The most liberal allowance of time granted an aggrieved party who desires a review of an adverse decision is in reference to the issuance of a writ of error by this court and an appeal from the supreme court of the Territory to the United States circuit court of appeals. In the one instance the writ must be obtained and in the other petition for an appeal be filed within ninety days of the entry of the ruling, order, decision, judgment or decree complained of.

The Federal rule appears to be that where an appeal is allowed from a particular court or in a particular proceeding and the Act does not impose any limitation of time within which appeals may be allowed, the appeal will be governed by the general regulations prescribed by the Federal Judiciary Act (2 Enc. U. S. Sup. Ct. Rep. 130). The rule adhered to by the state courts is that where a statute confers upon an aggrieved party the right of appeal but does not specify the time within which the appeal may be taken it will be presumed that the legislature intended that the appeal shall be perfected within a reasonable time. See *Hummel* v. *City of Ouray,* 88 Pac. 582; *Robinson* v. *Arkansas Loan & Trust Co.,* 81 S. W. 609. The Federal rule, we think, is not applicable in this jurisdiction because of the lack of uniformity in the numerous local statutes in respect to the time specified for taking appeals. The time limitations for appeals vary in these statutes from ten to ninety days and were we to invoke the Federal rule it necessarily follows that appellant has lost his right of appeal. We conclude, however, that the state rule should be adopted, which means that

the motion must be granted if it may be said that the appellant did not act within a reasonable time in interposing his notice of appeal following the adverse ruling of the auditor. We think it was incumbent upon the appellant to proceed with reasonable diligence. What is reasonable diligence would undoubtedly vary according to the circumstances of each case. If a claimant may, as appellant has done in this case, remain silent for a period of seven months after he has had notice of the disallowance of his claim by the auditor and at that late date be permitted to avail himself of the right of appeal, the auditor's system of accounting would be disrupted and he might be harassed by the revival of demands upon the territorial treasurer which he had a right to assume had long since been abandoned.

The legislative appropriations for territorial salaries are based upon a biennial period. In the instant case the appropriation for the salary of the superintendent of public instruction lapsed on the 30th day of June, 1935. The appeal was filed only a few days prior to the latter date although the appellant was advised of the disallowance of his claim many months prior to that time. The appellant has not attempted to show any excuse or justification for permitting this extraordinary and unusual length of time to elapse after the ruling of the auditor before taking any steps to avail himself of his right of appeal.

In view of the circumstances we conclude that appellant by his neglect has failed to act within a reasonable time and has thus forfeited the right of appeal conferred by the statute.

The motion to dismiss the appeal is granted and the cause dismissed.

*J. V. Hodgson,* Deputy Attorney General, for the motion.

*B. S. Ulrich,* contra.