MOGILNER *v.* METROPOLITAN PLAN COMMISSION OF MARION COUNTY ET. AL.

[No. 29,414. Filed February 6, 1957.] '

302

304

*Henry M. Coombs,* of Indianapolis, for appellant.

*French M. Elrod, Leo Kriner,* County Attorneys, *Edwin K. Steers,* Attorney General, *William B. Patrick, Harry T. Ice, Robert D. Risch* and *Ross, McCord, Ice & Miller* (of counsel), all of Indianapolis, for appellees.

ACHOR, C. J.—This is an appeal from the judgment of the Superior Court of Marion County, Room 2, against appellees, defendants below, in an action brought by appellant for a declaratory judgment and for an injunction against the appellees, boards and officials.

Appellant's complaint alleged that Chapter 283 of the Acts of the General Assembly of Indiana, 1955[1] was invalid, being in contravention of numerous asserted

1. §§53-901-53-990 inclusive, Burns' 1951 Repl. (1955 Supp.).

provisions of the Constitution of the State of Indiana and the Constitution of the United States. Generally this Act authorizes the creation of a single planning and zoning department in every county containing a city of the first class, which department has jurisdiction over the entire county, incorporated as well as unincorporated areas. The Act establishes a metropolitan plan commission and vests in this commission the power to establish a master plan for all areas within the county. It provides that zoning and subdivision control ordinances shall be enacted by the county council acting with the advice and assistance of the metropolitan planning commission. The purpose of the act is formally stated as follows:

> "In counties containing first class cities, the problems created by expanding urbanization have made the unification of the planning and zoning functions a necessity if the health, safety, morals, economic development and general welfare of the area is to be insured. In order to achieve this unification of planning and administration the legislature hereby establishes a single planning and zoning authority in such counties." §53-901, Burns' 1951 Repl. (1955 Supp.)

Upon the issues presented, the trial court entered its final order and decree in words and figures as follows:

> "And the Court, having heard the evidence and being duly advised in the premises, finds that the last paragraph of Section 36 (§53-936) is unconstitutional, that Paragraph 5 of Section 38 (§53-938) is unconstitutional, that the last paragraph of Section 56 (§53-956) is unconstitutional, that the middle paragraph of Section 69 (§53-969) on page 803, beginning with the word 'neither' and ending with the word 'director' is unconstitutional, that the clause in Section 72 (§53-972) granting to the Board of Zoning Appeals the right to issue a restraining order is unconstitutional, that the first paragraph of Section 81 (§53-981) is unconstitu-

tional, and that Sections 83 and 84 (§§53-983 and 53-984) are each unconstitutional.

"The Court further finds that these defects are incidental to the main purpose of this law, and the Court further finds that said defects do not destroy the working of the law as one 'for the development through planning and zoning of metropolitan areas.' The Court further finds that the remainder of said law is constitutional, and the permanent injunction is hereby denied."

Appellant relies upon the following asserted grounds for reversal:

"1. The Court erred in its conclusion, finding and decision that the following enumerated unconstitutional defects in Acts of 1955, Chapter 283, are incidental to the main purpose of the law and do not destroy the working of the law as one 'for the development through planning and zoning of metropolitan areas':

"A. Last paragraph of Section 36,

"B. Paragraph 5 of Section 38,

"C. Middle paragraph of Section 69, page 803, beginning with the word 'neither' and ending with the word 'director',

"2. The Court erred in its conclusion, finding and decision that the remainder of said Acts of 1955, Chapter 283 is constitutional."

Appellees, on their part, also filed a motion for a new trial and here assign and argue as cross-errors the overruling of their motion for a new trial, in which they assert the following grounds:

"1. The finding and decision of the Court that paragraph 5 of Section 38 of Chapter 283 of the Acts of the Indiana General Assembly for 1955 is unconstitutional is contrary to law.

"2. The finding and decision of the Court that paragraph 5 of Section 38 of Chapter 283 of the Acts of the Indiana General Assembly for 1955 is unconstitutional is contrary to law.

"3. The finding and decision of the Court that the last paragraph of Section 56 of Chapter 283 of

the Acts of the Indiana General Assembly for 1955 is unconstitutional is contrary to law.

"4. The finding and decision of the Court that the middle paragraph of Section 69 of Chapter 283 of the Acts of the Indiana General Assembly for 1955, beginning with the word 'neither' and ending with the word 'director,' is unconstitutional is contrary to law.

"5. The finding and decision of the Court that the clause in Section 72 of Chapter 283 of the Acts of the Indiana General Assembly for 1955 granting to the Board of Zoning Appeals the right to issue a restraining order is unconstitutional is contrary to law.

"6. The finding and decision of the Court that the first paragraph of Section 81 of Chapter 283 of the Acts of the Indiana General Assembly for 1955 is unconstitutional is contrary to law.

"7. The finding and decision of the Court that Section 83 of Chapter 283 of the Acts of the Indiana General Assembly for 1955 is unconstitutional is contrary to law.

"8. The finding and decision of the Court that Section 84 of Chapter 283 of the Acts of the Indiana General Assembly for 1955 is unconstitutional is contrary to law."

As to the above particulars 6, 7 and 8, appellant now concedes that the provisions of the first paragraph of Section 81, and Sections 83 and 84 of said Act are valid, and that the finding of the lower court to the contrary was erroneous. In this conclusion we concur. Therefore, our consideration as to the issues presented by the above cross-errors will be limited to those parts of the Act above described as particulars 1, 2, 3, 4 and 5.

In finding the Act unconstitutional in the above numbered particulars, the court did not state what constitutional provisions it found to be violated. We therefore discuss each of said particulars in the light of the constitutional objections presented and urged

by appellant in his complaint and argued to this court on appeal.

*Particular 1.* Section 36 of the Act (§53-936), *supra,* with the last paragraph thereof emphasized, which was held by the trial court to be unconstitutional, is as follows:

"After the adoption of a comprehensive plan by the commission, the county and every city within the county shall be guided and give due consideration to the general policy and pattern of development set out in the master plan in the:

"1. Authorization, construction, alteration or abandonment of public ways, public places, public structures, or public utilities.

"2. Authorization, acceptance or construction of water mains, sewers, connections, facilities or utilities.

*"Any action inconsistent with the evidence set forth in the comprehensive plan shall be presumed to be not in the public interest."*

In his complaint, appellant alleged that this provision violated Article 1, §21[2] and Article 1, §12[3] of the Constitution of Indiana, and §1 of the 14th Amendment to the Constitution of the United States,[4] and Article 4, §1 of the Constitution of Indiana.[5]

However, there can be no possible violation of Article 1, §21, *supra,* which requires just compensation for the

---

2. ". . . No man's property shall be taken by law, without just compensation; . . ." Art 1, §21.

3. "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Art. 1, §12.

4. ". . . No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." §1, 14th Amend.

5. "The Legislative authority of the State shall be vested in the General Assembly, which shall consist of a Senate and a House of Representatives. . . ."

taking of property, since the last paragraph of Section 36 does not relate to nor provide for the taking or condemning of property.

Neither does the last paragraph of Section 36 conflict with Article 1, §12 of the Constitution, *supra,* nor with §1 of the 14th Amendment to the Constitution of the United States. In the first paragraph of Section 36, *supra,* it is stated that the *county* and *city* are to be guided by the comprehensive master plan adopted by the metropolitan plan commission in the public interest. It is, therefore, obvious that the "action" referred to in the last paragraph of Section 36 is action by city and county units in authorizing and constructing public improvements of the type referred to in the first part of Section 36. No constitutional requirement is violated by a statute which requires that actions by governmental units must be in the public interest, or, as is usually stated, for a public purpose. McQuillin, Municipal Corporations, §10.31 (3d ed. 1949) ; *Loeb* v. *Jacksonville, et al.* (1931), 101 Fla. 429, 134 So. 205, 79 A. L. R. 459; *Hart* v. *Teaneck Tp.* (1947), 135 N. J. L. 174, 50 A. 2d 856, 169 A. L. R. 973.

Moreover, the last paragraph of Section 36 merely creates a presumption which would be dissolved on showing the existence of public interest to the contrary. The Act does not provide that the presumption created is conclusive. It is well established that statutes which make evidentiary facts prima facie of certain ultimate facts, otherwise described as rebuttable presumptions created by statute, are valid, *Molnar* v. *State* (1931), 202 Ind. 669, 177 N. E. 452; *Morrison* v. *Flowers* (1923), 308 Ill. 189, 139 N. E. 10.

For the above reasons this paragraph does not violate Article 1, §12 of the Constitution of the State of Ind-

iana or §1 of the 14th Amendment to the Constitution of the United States.

Furthermore, said last paragraph of Section 36 in no way conflicts with Article 4, §1, *supra*, of the Constitution of Indiana, vesting legislative authority in the General Assembly. The provision, at most, concerns itself with the effect of the comprehensive plan and does not purport, in any way, to authorize legislative action by anyone. Furthermore, as hereinafter discussed, the legislature has authority to delegate legislative authority to a municipality.

*Particular 2.* Next we consider whether paragraph 5 of Section 38 (§53-938), *supra*, violates §1 of the 14th Amendment, and Article 1, §23 of the Constitution of Indiana.[6] Said paragraph reads as follows:

"No such ordinance adopted under this section for zoning or distributing shall impose any lesser restrictions upon the character of the use of structures or lands located in any city or town within the county, except a city of the first class, than are now imposed by any zoning ordinances of any such city or town other than a city of the first class. In case the above provision is for any reason declared invalid, then the legislative power to classify and zone or reclassify and rezone, uses or structures or lands affected by the above provisions shall rest exclusively in the metropolitan plan commission and the county council as provided in this act."

Article 1, §23, *supra*, guaranteeing equal privileges or immunities, or Amendment 14, §1, *supra*, guaranteeing the privileges and equal protection of the laws, are not violated by paragraph 5 of Section 38, *supra*, although to a certain extent the power of the metropoli-

---

6. "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens." Art. 1, §23 Constitution of Indiana.

tan plan commission and the county council, given in a city of the first class, is made different than in all other cities or towns within the county. The General Assembly, for many years, has regularly passed legislation applying only to cities of the first class and, also legislation applying to cities and towns other than cities of the first class, thereby recognizing that, in such instances, the problems of a large city differ and require special treatment. It is well established that the reasonable classification of cities in no way violates the Indiana Constitution (Article 1, §23, *supra*). As stated by this court:

> "The question of classification, under the privilege and immunities clause of the Indiana Constitution (Article 1, §23) is primarily for the legislature and does not become a judicial question unless it clearly appears that the legislative classification is not based on substantial distinctions with reference to the subject-matter, or manifestly unjust or unreasonable. . . ." *Phillips, et al.* v. *Officials of Valparaiso, etc. et al.* (1954), 233 Ind. 414, 421, 120 N. E. 2d 398.

Appellant has not presented us with such facts. Therefore, the classification is deemed to be valid.

*Particular 3.* The language of Section 56 (§53-956), *supra*, which is relevant to the question here involved, is as follows:

> "In case a contractor violates the provisions of the zoning or subdivision control ordinance three times in one calendar year, neither he nor the person for whom he proposes to build shall be issued a building permit for a period of one year after the third such violation. . . .
> "*A determination by the commission, after a hearing, at which the contractor may be represented by counsel, and may present evidence, shall be conclusive evidence of a violation.*"

The appellant, in his complaint, alleged that the portion of Section 56, *supra*, emphasized above, was in-

valid under Article 1, §12, *supra,* of the Constitution of Indiana. Likewise, the lower court apparently interpreted the provision as precluding any appeal from the determination by the commission of a violation, and therefore found that paragraph unconstitutional. Appellees concede that it would be invalid to preclude an appeal from the commission, but submit that a reasonable interpretation of the last paragraph of Section 56 would not have that effect. A reasonable interpretation of this paragraph is, that for the purpose of determining a contractor's eligibility for a permit, the person who is requested to issue a building permit may accept, as conclusive, a determination by the commission of a violation by the applying contractor, if such determination is not appealed from, or if appealed from, is upheld. Such an interpretation is consistent with the other provisions of the Act, and it should be adopted rather than an interpretation which would result in its invalidity. *Shideler, Auditor* v. *Martin* (1922), 192 Ind. 574, 578, 136 N. E. 1, 137 N. E. 528.

Also, it is contended that the provision is discriminatory and therefore unconstitutional since it applied only to violations by contractors and not to professional engineers and land surveyors, although each is required to give bond in the amount of $1,000. Contrary to the implication of appellant's argument, this fact actually supports appellee's interpretation of the last paragraph of Section 56, *supra.* Building permits are not issued to professional engineers or land surveyors, but to contractors and, therefore, under appellee's interpretation, there was no need to make the last paragraph of Section 56 applicable to professional engineers or land surveyors. There is a good reason for the difference in treatment given to professional engineers or land surveyors from the treatment of contractors under the last paragraph of Section 56. The

provision that "A determination by the commission, . . . shall be conclusive evidence of a violation," applies only to administrative officials in the issuing of building permits to contractors, and does not unreasonably discriminate against a contractor, nor does the provision preclude a direct appeal by a contractor to the courts from such a determination.

*Particular 4.* The third paragraph of Section 69, *supra,* here in question, provides:

"Neither the petitioner nor an aggrieved person shall be entitled to appeal a decision of a county or a city board of zoning appeals to the metropolitan board of zoning appeals but may appear in a case by the executive director." (§53-969.)

Appellant, in his complaint, alleged that the above provision violated Article 1, §§21 and 23, *supra,* of the Constitution of Indiana and, also, §1 of the 14th Amendment to the Constitution of the United States, *supra.* To understand the provision in question, it is necessary to understand in general the provisions of the Act for proceedings before the local boards of zoning appeals (city and county) and the Metropolitan Board of Zoning Appeal and the provisions for appeals from the former bodies to the latter. Petitions under the Act for height, bulk, area and use variances are to be filed with the local (city or county) board of zoning appeals. Appeals may be taken from decisions of local boards of zoning appeals and the metropolitan board of zoning appeals, as follows:

(1) The executive director for the metropolitan planning department may appeal to the metropolitan board of zoning appeals within three days.[7]

(2) If the executive director does not appeal, an aggrieved person may appeal the decision by filing a

7. §53-969.

petition for writ of certiorari with the circuit or superior court of the county within 30 days.[8]

By the provision here in question, neither petitioner nor an aggrieved person may appeal a decision of a local board of zoning appeals to the metropolitan board of zoning appeals, although such persons may appear in a case appealed to the latter body by the executive director. It is because of this unequal privilege of appeal to the metropolitan board of zoning that appellant asserts this provision of the Act unconstitutional.

(3) Any decision of the metropolitan board of zoning appeals, whether in a case of original jurisdiction or in a case of an appeal to it by the executive director from a decision of a local board of zoning appeals, may be appealed by any person aggrieved, by filing a petition for writ of certiorari with the circuit or superior court of the county.[9]

While Section 69 of the Act does give a right to the executive director to appeal from the local board of zoning appeals to the metropolitan board of zoning appeals, and denies such right to a petitioner or an aggrieved person, it does not deny such persons their constitutional right to equal protection of the law or equal privileges or immunities. Such persons, in event the executive director does not appeal to the metropolitan board, are entitled to have any illegality in the action of the local board reviewed by a court under Section 74 of the Act.

If a decision of a local board is illegal, and the executive director does appeal, a decision of the metropolitan board upholding the decision is likewise illegal and, under said section, such aggrieved person may appeal the latter decision to a court for review of any such

8.  §53-974.
9.  §53-974.

illegality. Thus the illegality of the granting of a variance may be the subject of court review, whether the appeal is directly from the local board or whether it is from a decision of the metropolitan board of zoning appeals. The rights of a petitioner or an aggrieved person is, therefore, not affected by the appeal of the executive director, except to the extent that such person must await the decision of the metropolitan board of zoning appeals before pursuing their right of judicial review.

The procedures outlined above are remarkably similar to the statutory provisions and the procedure considered by this court in the case of *Pittsburgh, Cincinnati, Chicago & St. Louis Ry Co.* v. *Backus, Treas., et al.* (1893), 133 Ind. 625, 640, 642, 652, 33 N. E. 432. In that case the statute provided that all property, except certain property of railroad corporations, was to be assessed originally by county assessors with the opportunity to appeal first to the county board and then to the State Board of Tax Commissioners. However, in the case of certain property or railroad corporations, the statute provided that it should be initially assessed by the State Board of Tax Commissioners which would also consider any appeals from such assessment. Such provisions were held constitutional and not in violation of Article 1, §12, Indiana Constitution, or the 14th Amendment to the United States Constitution. In that case this court said:

"It seems to us that the claim that the statute denies to railway companies the equal protection of the law is based on an erroneous construction of the statute, for with the view we take of the statute, and the rights of railway companies under it, the claim that it denies equal protection has no substantial foundation to rest upon. *Equal protection of the law does not require that all persons shall have the right of hear-*

*ing or a trial before the same tribunal, and in all the same tribunals, and have the same right of appeal from one to another.* . . . In our system of jurisprudence, courts of different grades and jurisdictions are established and an appeal is allowed from one to another only when the right of appeal is given by statutory enactment. . . .

. . . .

"It must follow that a law which operates alike upon all persons under like circumstances is not obnoxious to the provision in the fourteenth amendment to the United State Constitution, that no person shall be denied the equal protection of the laws, for such a law operates alike upon every person under like circumstances. . . ." (Our italics.)

This decision, on appeal, was affirmed by the Supreme Court of the United States (154 U. S. 421, 427, 38 L. Ed. 1031, 1036) :

"Equally fallacious is the contention that, because to the ordinary taxpayer there is allowed not merely one hearing before the county officials, but also a right of appeal with a second hearing before the state board, while only one hearing before the latter board is given to railroad companies in respect to their property, therefore the latter are denied the equal protection of the laws. *If a single hearing is not due process, doubling it will not make it so, and the power of a state to make classifications in judicial or administrative proceedings carries with it the right to make such a classification as will give to parties belonging to one class two hearings before their rights are finally determined, and to parties belonging to a different class only a single hearing.* . . ." (Our italics.)

A petitioner or an aggrieved person in a proceeding before a local board of zoning appeals has no constitutional guarantee which would require more than one administrative hearing, or which would require that such person have the same right as

the executive director to appeal to the metropolitan board of zoning appeals. Therefore, to the extent that the trial court in the case at bar based its finding of unconstitutionality upon an interpretation of the provision in the third paragraph of Section 69, *supra*, as precluding an appeal by an aggrieved person from the local board of zoning appeals to the metropolitan board of zoning appeals, the lower court was in error.

*Particular 5*. Appellant contends that Section 72 of the Act is unconstitutional in that it states that a restraining order may be granted by the board of zoning appeals which, in effect, gives judicial powers to administrative bodies in conflict with Article 3, §1 of the Constitution of Indiana.[10] He also contends that said Section of the Act is in violation of said constitutional provision in that it permits an official of an administrative agency to override a restraining order issued by the court, thus infringing on the judicial prerogative of such court as prescribed by Article 7, §1 of the Constitution of Indiana. The trial court, in its final order and decree, stated: "That the clause in Sec. 72, granting the board of zoning appeals the right to issue a restraining order is unconstitutional." It is to this finding and decree of the court that appellee has addressed his cross-error numbered 5.

Section 72 of the Act, *supra*, with the clause which the trial court held unconstitutional, is emphasized as follows:

"When an appeal from the decision of any official or board has been filed with the board of zoning appeals, all proceedings, operations, and work on the premises concerned shall be stayed unless the official or board from whom the appeal was taken

10. "The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." Art. 3, §1.

shall certify to the board of zoning appeals that, by reason of the facts stated in the certificate, a stay would cause imminent peril to life or property. In such case, proceedings or work shall not be stayed except by a restraining order which may be granted *by the board of zoning appeals* or by a circuit or superior court of the county in which the premises affected is situated, on application, on notice to the officer or board from whom the appeal is taken and the owner of the premises affected on due cause shown." (Our italics.)

Contrary to appellant's contention, the above clause does not permit an officer to an administrative agency to override a restraining order issued by the ▮ court. This section of the Act relates only to appeals filed by an administrator with the metropolitan board of zoning appeals, under which circumstances it is ordinarily contemplated that, under the Act, work on the premises shall be stayed. However, if, under the special provisions of the Act, work is permitted to continue, application for a restraining order may, nevertheless, be made to and issued by either (1) such metropolitan board of zoning appeals or (2) the circuit or superior court of the county in which the premises are affected and situated. If the application is made to the board the court is not involved. If application is made to the court the board of zoning appeals is not involved. There is nothing in the Act which "permits an official of an administrative agency to certify and override the order issued by the court" as appellant contends. Nor does this clause violate Article 3, §1, *supra*. This section relates only to the state government and its departments and does not limit the granting of judicial power to local executive officers. Nor does it violate Article 7, §1[11] since the provision does not prohibit the vesting

11. "The Judicial power of the State shall be vested in a

of powers in local officers or boards. *Baltimore, etc. R. Co.* v. *Town of Whiting* (1903), 161 Ind. 228, 68 N. E. 266. It should be noted that the power given a board of zoning appeals is not to make any final adjudication or grant any permanent injunction, but merely to grant a temporary restraining order to protect its own jurisdiction and effectiveness. The Circuit Court of Appeals for the 8th Circuit has stated that similar restrictions granted by Article 3, §1 of the Constitution[12] ". . . neither expressly nor impliedly prohibit the Congress from conferring judicial power upon other courts, or upon executive or other officers, in other cases, where, in its opinion, the devolution of such power is either necessary or convenient in the execution of the authority granted to the legislative or to the executive department of the government through the Constitution. . . ." *Levin* v. *United States* (1904), 128 Fed. 826, 830.

We conclude, therefore that those provisions of the Act described as Particulars 1, 2, 3, 4 and 5, which the trial court found to be unconstitutional are, in fact, valid as against the reasons herein asserted by appellant, and the court's findings and declarations to the contrary are set aside.

We next consider those particulars 9, 10, 11, 12 and 13, wherein appellant asserts that the Act is unconstitutional, notwithstanding the finding of the court to the contrary.

---

Supreme Court, in Circuit Courts and such other courts as the General Assembly may establish." Art. 7, §1.

12. "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the congress may from time to time ordain and establish. The judges, both of the Supreme Court and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office." Art. 3, §1, Constitution of the United States.

*Particular 9.* Appellant contends that the Act is invalid under Article 4, §25[13] and Article 5, §12[14] of the Constitution of Indiana, for the reason that the Act, as passed by the Senate and the House of the Indiana General Assembly, is different from the Act signed by the Governor. Appellant quotes parts of two sentences which, he claims, were omitted from the Act. However, we take judicial knowledge of the fact that the Act, signed by the Governor, is the same in form and content as that signed by the President and the Senate and the Speaker of the House. Upon this issue this court has heretofore stated the law as follows:

" 'It is a maxim as old as the common law, and a rule of necessity, that the court takes judicial notice of public law; it is presumed to know what it is and it is its duty to know it.' *Evans, Auditor,* v. *Browne* (1869), 30 Ind. 514, 520. This court has the right to make use of any source of information which will give a correct answer to the question. *State ex rel. Colbert* v. *Wheeler* (1909), 172 Ind. 578, 89 N. E. 1. *In the discharge of this right and duty we have examined the enrolled acts filed with the Secretary of State, and find each of the acts sought to be questioned in this proceeding has been properly authenticated by the President of the Senate and the Speaker of the House. . . .*" (Our emphasis.) *State ex rel. Cline* v. *Schricker* (1949), 228 Ind. 41, 45, 46-47, 88 N. E. 2d 746, 748, 89 N. E. 2d 547.

Numerous decisions of this court have held that such authentication of the Act (unless challenged on the basis of fraud) is conclusive that the Act was ██ passed in conformity to the Constitution.

---

13. "A majority of all the members elected to each House, shall be necessary to pass every bill or joint resolution; and all bills and joint resolutions so passed, shall be signed by the Presiding Officers of the respective Houses." Art. 4, §25.

14. "Every bill which shall have passed the General Assembly, shall be presented to the Governor; if he approve, he shall sign it; * * *" Art. 5, §14.

"Since the decision in *Evans, Auditor,* v. *Browne* (1869), 30 Ind. 514, *supra,* this court has consistently held that a proper authentication of an enrolled act is conclusive, as a matter of law, that the act was duly passed in conformity to the constitution. (Citing cases.) This is a rule of substantive law and not of evidence, and there is no pleading known to the law by which the existence of an act cen be put in issue and tried as a question of fact." *State ex rel. Cline* v. *Schricker, supra.*

The authenticity of the enrolled Act, not vitiated for fraud, is not only conclusive as to the validity of its enactment, but more specifically, it is conclusive that the enrolled Act is the Act as it was actually passed by the legislature.

"It is settled law in this State that, when an enrolled act is authenticated by the signatures of the presiding officers of the two houses, it will be conclusively presumed that the same was enacted in conformity with all the requirements of the Constitution, *and that the enrolled bill contains the act as it actually passed, and it is not allowable to look to the journals of the two houses, or to other extrinsic sources, for the purpose of attacking its validity or the manner of its enactment.*" (Our emphasis.) *State ex rel. Colbert* v. *Wheeler* (1909), 172 Ind. 578, 580, 89 N. E. 1, 2.

Once an enrolled act is authenticated by the presiding officers of the Indiana General Assembly, signed by the Governor, and filed in the office of the Secretary of State, under the law of this state the validity of its enactment may be questioned only for fraud. Fraud is not made an issue in this case.

*Particular 10.* Appellant contends that the Act violates Article 3, §1 of the Constitution of Indiana, regarding the division of powers among the three separate departments of government.[15]

---

15. "The powers of the Government are divided into three separate departments; the Legislative, the Executive including

Appellant asserts this Act vests the metropolitan plan commission with Legislative, Administrative and Judicial powers of the Constitution. However, such constitutional provisions pertaining to division of powers apply only to state governments, its officers and departments, and not to municipal governments and its officers. *B. & O. R. Co.* v. *Town of Whiting* (1903), 161 Ind. 228, 233, 68 N. E. 266; *Sarlls, City Clerk* v. *State, ex rel.* (1929), 201 Ind. 88, 166 N. E. 270; *State ex rel. Buttz* v. *Marion Cir. Ct.* (1947), 225 Ind. 7, 72 N. E. 2d 225. The metropolitan plan commission falls within the category of municipal governments, therefore, the constitutional provisions relied upon by appellant are inapplicable.

*Particular 11.* Appellant asserts that the Act violates the provisions of Article 4, §20 of the Constitution of Indiana, which provides that "Every act and joint resolution shall be plainly worded, avoiding, as far as practicable, the use of technical terms." Appellant asserts generally that "the statute is a monstrosity without legal life." Specifically, he asserts that Sections 38, 58 and 85 of the Act are ambiguous and contradictory and incapable of reasonable construction and application and, therefore, in violation of Article 4, §20, *supra.*

We will, therefore, proceed to a consideration of said sections of the Act on the basis of this contention. Admittedly, the Act is far from a model of rhetorical clarity. However, if it is susceptible to reasonable and intelligible construction, it is the duty of the court to so construe it. The rule which this court has adopted regarding the construction of this constitutional pro-

the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." Art. 3, §1.

vision has been stated as follows: ". . . If a statute is susceptible of a reasonable construction which makes it intelligible and does not conflict with the Constitution, it will be given that construction and upheld, rather than a construction which would make it invalid. . . . " *Shideler, Auditor* v. *Martin* (1922), 192 Ind. 574, 578, 136 N. E. 1, 2.

*Particular 11(a)*. Specifically appellant claims that Section 38,[16] *supra*, is in irreconcilable conflict with Section 2[17] of the Act. Appellant asserts that Section 38 purports to authorize the county council to delegate authority to the metropolitan plan commission to further delegate legislative authority to the county and city plan commissions existing within its jurisdiction, whereas Section 2 states that existing city and county plan commissions shall exercise only such powers as are specifically conferred upon them by this Act. However, we believe there are no irreconcilable conflicts in these provisions and they can be intelligently construed together to mean that such powers and duties hereafter conferred on such city and county plan commissions must find authority within the provisions of the Act either by delegation or by express provision of the Act itself. There is, therefore, no irreconcilable conflict between Section 38 and Section 2, *supra*, of the Act. Consequently there is no violation of Article 4, §20, *supra*, of the Constitution of Indiana by these sections of the Act.

*Particular 11(b)*. Secondly, appellant contends that the provision of Section 58, *supra*, which provides that two of the members of the metropolitan board of zoning appeals shall be members of the metropolitan plan commission, conflicts with another

16. §53-938, Burns' 1951 Repl. (1955 Supp.).
17. §53-902, Burns' 1951 Repl. (1955 Supp.).

provision of the same section which provides that: "None of the members shall hold other elective or appointive office in a city, county or state government." In view of the fact that these provisions are in the same section, they must be construed *pari materia.* It is a reasonable interpretation, as well as a reflection of the obvious intent of the legislature, that the restriction of Section 58, *supra,* against members holding other elective or appointive office, does not exclude membership of the metropolitan plan commission except, possibly, the five "official members"[18] of the metropolitan plan commission who actually hold other political office apart from the commission.

*Particular 11(c).* Appellant also contends that Section 74 of the Act, *supra,* violates Article 4, §20 of the Constitution of Indiana, *supra.* Specifically appellant calls attention to the fact that although the Act provides for an appeal from the metropolitan board of zoning appeals by petition for writ of certiorari to the circuit or superior courts, the Act places no time limitation upon the filing of such petition. Because of this omission, appellant contends that the provision for such appeal is inoperative and, therefore, the Act is in violation or Article 4, §20, *supra.* However, such omission does not invalidate the Act.

---

18. Five of the eleven members of the metropolitan plan commission are designated as "official members." The remaining six are called "citizen members." The "official members" are selected as follows:

1. "One (1) member selected by the city council of a first class city from its membership.

2. "One (1) member selected by the county council from its membership.

3. "One (1) member to be selected by the mayor of a first class city from the board of public works, or from the board of sanitary commissioners or the city engineers.

4. "The county surveyor.

5. "The county agricultural agent."

§53-905, Burns' 1951 Repl. (1955 Supp.)

Where a statute confers upon an aggrieved party the right of appeal but does not specify the time within which the appeal may be taken, it will be presumed that the legislature intended that the appeal shall be perfected within a reasonable time. See: *In re Crawford* (1936), 33 Hawaii 795. We are not here required to determine what is a reasonable time. However, we cannot avoid observing that the same section of the Act provides for a 30 day period for the filing of a like petition from the city and county boards of zoning appeals.

*Particular 12.* Appellant contends that the Act is ▆ unconstitutional for the reason that it violates Article 4, §19 of the Constitution of Indiana.[19]

Specifically appellant contends that the title of the Act is not sufficient for an Act which vests in the metropolitan plan commission and the county council the legislative, administrative and judicial authority which the Act purports to vest in those bodies. The title to the Act is as follows: "An Act for the development through planning and zoning of metropolitan areas." The requirement of a title of an Act to comply with this constitutional provision has been stated as follows:

"This court has many times called attention to the fact that the purpose of the title of an act under the provisions of the Constitution above referred to is merely to express the general topic of the act, and that anything that is relevant or germane to such topic, and not incongruous thereto, is properly included. In other words, what is naturally to be found under the title is properly contained in the act, but any one examining the title must be able to know that he will not be misled by the inclusion

19. "Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." Article 4, §19, Constitution of Indiana.

in the act of what would not be expected under such title. The title is not expected to be an index to every part of the act itself." *City of Indianapolis, et al. v. Buckner, et al.* (1954), 233 Ind. 32, 37-38, 116 N. E. 2d 507.

The title to this Act was sufficient to inform anyone reading the same that the Act related to the planning and zoning of metropolitan areas which zoning would, of necessity, be effectuated through local boards, which must have authority to make appropriate rules and regulations, and to administer and adjudicate the same subject to appeal to the courts.

In support of his contention, appellant cites the case of *State ex rel., Pa. R. R. Co. v. Iroquois Conservancy District Court* (1956), 235 Ind. 353, 133 N. E. 2d 848. In that case this court held an Act creating a conservancy district unconstitutional, for the reason that the title did not sufficiently state the substance of the Act. However, that case is not in point. The Act there did not vest its administration in any existing municipal board or body, nor did it create such a board to administer its functions, as would normally be expected in an Act. The title of the Act was: "An Act to prevent floods, to protect cities, towns, farms and highways from inundation, to conserve water for beneficial uses, and to authorize the organization of drainage and conservancy districts, and declaring an emergency. Instead, the Act attempted to create a new and original *court*, which one would not expect to find in reading the title of the Act. Therefore, this court held the title insufficient. The Act in question does not contain any provision which would not be expected within the scope of its title.

*Particular 13.* Appellant contends that the Act is unconstitutional for the reason that it attempts to vest

administrative authority in the county council, which authority Article 6, §10 of the Constitution of Indiana has specifically vested in the board of county commissioners. Appellant's contention in this regard is not well founded. In the first place this constitutional provision is entirely permissive. It merely states that the General Assembly "may confer" administrative powers upon boards doing county business.[20] Furthermore, it cannot be said that the word "board," as used in the above section, refers exclusively to boards of county commissioners. The language in no way restricts the granting of administrative powers upon other bodies or boards created by the General Assembly. *City of Indianapolis et al.* v. *Buckner et al., supra.*

*Particular 14.* Appellant contends that the Act is unconstitutional for the reason that it attempts to incorporate therein, by reference, the provision of other statutes contrary to the provisions of Article 4, §21 of the Constitution of Indiana. Specifically appellant refers to Sections 31, 19 and 85 of the Act. These provisions follow:

"Sec. 31. . . . the Metropolitan Plan Commission shall as expeditiously as possible establish a comprehensive or master plan of the county including such material as is specified in §§35 and 36 of Chapter 174, Acts 1947."

"Sec. 19. . . . In any county in which a Metropolitan Planning Department is established under the authority of this act, the provisions of Sections 25-27, inclusive of Chapter 174 of the Acts of 1947 shall not be applicable." The last paragraph of Section 85, provides in part:

"The Metropolitan Plan Commission shall exercise the authority conferred by Chapter 169, Acts

---

20. "The General Assembly may confer upon the boards doing county business in the several counties, powers of a local, administrative character." Article 6, §10.

of 1923, in place of the city plan commission of a first class city. . . ."

It is appellant's contention that these provisions violate Article 4, §21 of the Constitution of Indiana, which provides: "No act shall ever be revised or amended by mere reference to its title; but the act revised, or section amended, shall be set forth and published at full length." However, upon this issue this court has expressly heretofore decided the question contrary to the contention of appellant. In upholding the validity of such provisions, this court has stated:

". . . one statute may adopt a part of or all of another statute by a specific and descriptive reference thereto, and the effect is the same as if the law or statute, or the part thereof adopted, had been written into the adopting statute. . . ." *State, ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 619, 85 N. E. 513. See also, *State* v. *Gerhardt* (1896), 145 Ind. 439, 452, 453, 44 N. E. 469.

Appellant cites the case of *Pike County Coal Corp.* v. *Industrial Board* (1933), 205 Ind. 702, 708, 188 N. E. 204, in support of his position. However, the Pike County case, *supra,* is a direct holding against appellant's contention. In holding valid the Act in question, the court summarized its holding as follows: "The Act of 1927 does not assume, in terms, to amend or revise any prior act. It is true that it repeals section 40 of the 1915 act, and in place thereof enacts a new law which takes the place of the old, but in doing so, in our judgment, it does not violate section 21, article 4 of the Constitution." For these reasons Sections 31, 19 and 85, *supra,* do not violate Article 4, §21 of the Constitution of Indiana, as alleged.

We conclude, therefore, that the Act and each of the particulars thereof conforms to the constitutional requirements as against the contentions of the appellant.

Therefore, the following portion of the court's decree is reversed and ordered set aside:

". . . that the last paragraph of Section 36 is unconstitutional, that Paragraph 5 of Section 38 is unconstitutional, that the last paragraph of Section 56 is unconstitutional, that the middle paragraph of Section 69 on page 803, beginning with the word 'neither' and ending with the word 'director' is unconstitutional, that the clause in Section 72 granting to the Board of Zoning Appeals the right to issue a restraining order is unconstitutional, that the first paragraph of Section 81 is unconstitutional, and that Sections 83 and 84 are each unconstitutional."

And that portion of the judgment and decree by which the court denied the permanent injunction is affirmed. Trial court is now therefore ordered to amend its judgment and decree accordingly.

Arterburn, Bobbitt, Emmert and Landis, JJ., concur.

NOTE.—Reported in 140 N. E. 2d 220.