SELLS *v.* METROPOLITAN PLAN COMMISSION OF MARION COUNTY *et al.*

[No. 30,901. Filed February 8, 1967.]

*Bamberger & Feibleman,* of Indianapolis, for appellant.

*Michael B. Reddington,* Corporation Counsel, City of Indianapolis, for appellees, John J. Barton, Mayor of City of Indianapolis and Members of Board of Zoning Appeals of City of Indianapolis.

*John J. Dillon,* Attorney General, *Charles S. White,* Chief Counsel for Attorney General, and *John T. Carmody,* Deputy Attorney General, for appellee, John J. Dillon, Attorney General of the State of Indiana.

MYERS, J.—This is an appeal from a judgment of the Superior Court of Marion County, Room 6, denying appellant's petition for a temporary injunction against appellees. Appellant's complaint was put in issue without formal pleadings, but upon oral argument by appellees. There were no assertions of facts contradicted by evidence of appellant. The only material issue presented here is a matter of law concerning the constitutionality of the particular statute involved.

The General Assembly of Indiana in 1965 passed an act, signed by the Governor, entitled "An Act for the development through planning and zoning of metropolitan areas," being Chapter 283 of the Acts of 1955 as amended in Chapter 434 of the 1965 Acts, Page 1375. Burns' Ind. Stat., § 53-902 et seq., 1964 Replacement (Supp.). Upon the adoption of the existing master plans and zoning and subdivision control ordinances by the metropolitan plan commission and county council, pursuant to this act, which refers to counties having cities of the first class only, all existing city and county plan commissions and city and county boards of zoning appeals were to be abolished and all powers and duties of such plan commissions were to be transferred to the metropolitan plan commission created by the 1965 Act, and likewise all powers and duties of boards of zoning appeals were to be transferred and conferred on the metropolitan board of zoning appeal so created.

The Act in general states that the composition of the metropolitan plan commission was to consist of nine official members and two ex officio members, their terms of office, how vacancies were to be filled, the adoption and filing of zoning ordinances, and proceedings in case of remonstrances. A board of zoning appeals was created in four divisions, their terms of office, rules and procedure, powers and duties, hearings on appeal and proceedings by writs of certiorari from decisions by the board were all set forth.

Appellant relies upon the following error assigned:

"1. The court erred in denying appellant a temporary injunction."

In the Argument section of appellant's brief, he says that in plaintiff's (appellant's) complaint he has set forth each and every violation of the Indiana Constitution and of the United States Constitution with which the 1965 Act is in conflict. He makes the statement that it is the judicial function of the courts to pass on statutes enacted by Legislatures, citing authorities. However, this is the end of his argument concerning constitutional violations as alleged in the complaint. None of these violations are set forth in the Argument section of his brief, leaving a complete blank as to these matters.

The Rules of the Supreme Court provide for a full and complete argument of all specified errors urged, with citation of statutes and authorities. This would include sections of Constitutions claimed to be violated. *Rule 2-17(f); City of East Chicago* v. *Chicago, etc., Transit Co.* (1963), 243 Ind. 590, 189 N. E. 2d 414; *Hunt* v. *State* (1956), 235 Ind. 276, 133 N. E. 2d 48; *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551. Consequently, having failed to argue the constitutional questions presented in the complaint, appellant has waived all consideration of them in this appeal.

Appellant argues that the title to the Act is in conflict with Art. 4, Sec. 19, of the Indiana Constitution. This Article reads as follows:

"Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The title to this Act prior to the 1965 amendment was:

"An act for the development through planning and zoning of metropolitan areas."

This title was upheld by this court in the case of *Mogilner* v. *Metropolitan Plan Comm., etc., et al.* (1957), 236 Ind. 298, 326, 140 N. E. 2d 220, 234, where it was stated:

"The title to this Act was sufficient to inform anyone reading the same that the Act related to the planning and zoning of metrópolitan areas which zoning would, of necessity, be effectuated through local boards, which must have authority to make appropriate rules and regulations, and to administer and adjudicate the same subject to appeal to the courts."

The title to the 1965 Amendatory Act reads as follows:

"An Act to amend the law which authorized the creation of metropolitan plan commissions in certain counties as it relates to the organization, powers and duties of such commission, appointment of members, quorum of commission, creation of a board of zoning appeals and effect of master plans." Acts 1965, Ch. 97, Page 142.

In our opinion, this title to the Amendatory Act falls within the court's decision in the *Mogilner* case, *supra,* and therefore is not in violation of the Constitution of Indiana.

There being no other questions presented to us, we hereby affirm the decision of the trial court.

Judgment affirmed.

Arterburn, C. J., and Hunter and Mote, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 223 N. E. 2d 349.