103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fortunato H. RIVERA, Petitioner-Appellant,
v.
Herbert NEWKIRK, Respondent-Appellee.d
 No. 95-3031.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1996.*
Decided Nov. 27, 1996.
 
 Before BAUER, FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Fortunato H. Rivera was convicted of burglary in Indiana state court and sentenced to thirty years incarceration. The length of his sentence was based upon the fact that the jury determined that Rivera was a habitual offender under Indiana law. He now appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. On appeal he cites three bases upon which the district court should have granted the writ. First, he argues that the state trial judge committed constitutional error in giving the jury instructions on what it must find to conclude that Rivera was a habitual offender. Second, he claims that he received ineffective assistance of counsel because his attorney did not object to the habitual offender jury instructions. Third, he claims that the prosecution did not provide the defense with information regarding a mental disorder from which a prosecution witness was suffering. We now affirm.
 
 
 2
 I. Erroneous Jury Instructions and Ineffective Assistance of Counsel
 
 
 3
 State's have great leeway under the Constitution to define the elements of a crime. However, once the elements of a crime have been defined the Constitution requires the state to prove each element of the crime beyond a reasonable doubt before imposing criminal liability. Victor v. Nebraska, 114 S.Ct. 1239, 1242 (1994); Eaglin v. Welborn, 57 F.3d 496, 500 (7th Cir.) (en banc). Rivera claims that the jury instruction given by the trial judge relieved the state of the burden of proving beyond a reasonable doubt each of the elements required to find that a defendant is a habitual offender.
 
 
 4
 Indiana law defines a habitual offender as one who has been convicted of a felony after having been convicted and sentenced for at least two prior felonies. IND.CODE § 35-50-2-8(a). In addition, in order for two prior felonies to be counted as two felonies as regards habitual offender status, the defendant must have committed the latter of the two felonies after he was convicted and sentenced for the former. Id. As evidence that a defendant was convicted of at least two prior felonies, the state may present evidence of more than two felonies. As long as the state presents evidence of two prior felonies that qualify as such under the statute, the admission of evidence of a third felony that would not qualify as a separate felony under Indiana law because it overlapped in time with one or more of the other felonies, is not a basis for reversing a jury's finding that a defendant was a habitual offender. Richards v. State, 535 N.E.2d 549, 550 (1989).
 
 
 5
 In the present case, the state presented evidence that Rivera had been convicted and sentenced for three prior felonies prior to his instant conviction. These convictions took place in 1977, 1982, and 1984. The defendant was sentenced for the 1977 conviction prior to his committing the felony for which he was convicted and sentenced in 1982. Therefore, the state provided evidence that was sufficient under state law to convict the defendant for being a habitual offender. The conduct that formed the basis for the 1984 conviction took place in 1979.[1] Therefore, the 1982 and 1984 convictions cannot be counted separately for purposes of determining whether Rivera qualifies as a habitual offender. IND.CODE § 35-50-2-8(a). However, that is no matter for under Richards the other two felonies (the 1977 and 1982 convictions) satisfied the Indiana statute that defines habitual offender status. In addition, the other instructions tendered to the jurors made it clear that they had to find beyond a reasonable doubt all the elements of Rivera's being a habitual offender. Therefore, there was no error of constitutional magnitude. In addition, in that there was no error of state law, Rivera cannot claim ineffective assistance of counsel. Counsel's failure to raise an argument that the habitual offender instruction was erroneous did not amount to deficient performance. Moreover, because an attempt by his attorney to raise this argument would have been fruitless, Rivera was not prejudiced by his attorney's failure to do so. See Strickland v. Washington, 466 U.S. 668 (1984) (holding that in order to claim ineffective assistance of counsel, a defendant must show both that his attorney's performance fell below an objective standard of reasonableness and that he (the defendant) suffered prejudice due to his attorney's errors).
 
 II. Information Withheld from the Defense
 
 6
 On direct appeal, the Indiana Supreme Court found that the defense did in fact have the information that it claimed the prosecution withheld. 28 U.S.C. § 2254(d) provides that a writ of habeas corpus should issue only if the state court's decision "was contrary to, or involved an unreasonable application of clearly established federal law," or was based upon an unreasonable determination of the facts. We must accept the Indiana Supreme Court's version of the facts because Rivera did not provide clear and convincing evidence (in fact he provided no evidence) that this version was incorrect. 28 U.S.C. § 2254(e). Therefore, we conclude that the fact finding was not unreasonable in light of the evidence presented. Moreover, accepting the facts as found by the Indiana Supreme Court, that court's decision was neither contrary to nor involved an unreasonable application of federal constitutional or statutory law. 28 U.S.C. § 2254(d). Therefore, the district court was correct in its conclusion that Rivera's claim that the prosecution withheld evidence regarding the mental state of a witness was not a basis for issuing a writ of habeas corpus.
 
 
 7
 The order of the district court is AFFIRMED.
 
 
 
 d
 Rivera named both Robert Farley and the Indiana Attorney General as respondents. A petitioner who is presently in custody (as is Rivera) should name his custodian as the only respondent. 28 U.S.C. § 2254, Rule 2. Our records indicate that Rivera is currently incarcerated at the Maximum Control Complex in Westville, Indiana. Herbert Newkirk is the warden at that facility. Therefore, Newkirk has been substituted as the respondent-appellee in the instant case. See FED.R.APP.P. 43(c)
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This information is based upon the Indiana Court of Appeals' recitation of facts in its decision upholding the denial of Rivera's petition for post-conviction relief. Rivera takes no issue with this version of the facts. Moreover, as this order explains, the dates on which the events and proceedings in the 1984 conviction took place has no bearing on our decision