### HANKS *v.* STATE OF INDIANA

[No. 28,370. Filed January 21, 1948.]

*Harrison A. Church,* of Elkhart, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, and *D. Russell Bontrager,* Prosecuting Attorney, 34th Judicial Circuit, for The State.

STARR, J.—The appellant was charged in the Elkhart Superior Court by affidavit in two counts. The first count charged assault and battery with intent to commit a felony, namely: rape, and being an habitual criminal. The second alleged assault and battery with intent to commit a felony, namely: rape.

The first count, after alleging assault and battery on the prosecuting witness with intent then and there and

thereby feloniously and forcibly to ravish and carnally know her against her will, alleged three prior convictions, sentences, and imprisonments for felony against the said appellant in the State of Michigan. This count described specifically the previous convictions, sentences, and imprisonments. The verdict of the jury found the appellant guilty of assault and battery with intent to commit a felony and specifically found that the defendant was convicted, sentenced, and imprisoned in the instances described in the first count of the affidavit. Upon this verdict the Court rendered judgment sentencing the appellant to imprisonment in the Indiana State Prison for not less than one or more than ten years and upon the finding of the jury that the appellant had been theretofore convicted and imprisoned for the commission of the three felonies, sentenced the appellant to imprisonment in the Indiana State Prison for and during the remainder of his life as an habitual criminal.

Section 9-2207, Burns, 1942 Replacement is our habitual criminal statute. This statute requires that every person who, after having been twice convicted, sentenced, and imprisoned in some penal institution for a felony, shall be convicted in this state for a felony shall be deemed an habitual criminal and shall be sentenced to life imprisonment. It was only necessary therefore, that the appellant should have been charged with two previous convictions.

The allegation in count one as to a third conviction may be treated as surplusage. *Sammons* v. *State* (1935), 210 Ind. 40, 199 N. E. 555. The proof of more than two former convictions was not harmful to the defendant as the proof of these former convictions was offered for the single purpose of classifying the de-

fendant as an habitual criminal. *Metzger* v. *State* (1937), 214 Ind. 113, 13 N. E. (2d) 519.

The appellant insists that our habitual criminal statute violates Art. 1, § 14 of the Constitution of our State. He contends that the admission of this evidence as to former offenses, which is provided for by this statute, placed the appellant in jeopardy a second time for the same offense contrary to said § 14. This position is wholly untenable. This statute does not remotely suggest that a defendant may be placed in jeopardy a second time for the same offense. We are at a loss to understand how any question of former jeopardy could have been suggested to the appellant in this case. The record discloses that the former convictions were not for the acts charged as a public offense in this case. They were entirely separate and different offenses than the one charged herein. One of these convictions was for stealing an automobile and the other two were each for the crime of rape upon a person other than the prosecuting witness in this case.

Appellant also contends that the admission of this evidence as to prior convictions contravenes the 5th Amendment to the Constitution of the United States. This amendment operates exclusively in restriction of federal power and has no application to the states. *Molnar* v. *State* (1931), 202 Ind. 669, 177 N. E. 452; *State* v. *Schopmeyer* (1935), 207 Ind. 538, 194 N. E. 144; *Thorington* v. *Montgomery* (1893), 147 U. S. 490, 37 L. Ed. 252, 13 S. Ct. 394.

Appellant, as grounds for his motion for new trial, among other things sets out, that he was not represented by competent counsel and that he was "denied his witnesses." Although neither of these grounds is discussed in appellant's brief and are

therefore waived, yet due to the serious situation in which the appellant now finds himself we have carefully examined the entire record in this cause including the bill of exceptions containing the evidence. From this examination we are convinced that the appellant was adequately defended and by competent counsel. This record nowhere discloses that appellant was denied any of his rights. On the other hand the evidence offered by the state is clear and convincing that appellant was guilty of the crime charged and the proof of the prior convictions was adequate and regular in every way.

Judgment Affirmed.

NOTE.—Reported in 76 N. E. (2d) 702.