Bruce ELDRIDGE, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S00–8601–PC–35.

Supreme Court of Indiana.

Oct. 7, 1986.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from denial of post-conviction relief.

In 1975 appellant was found guilty of Second Degree Burglary and was found to be an habitual criminal. As a result, he received a life sentence. In April of 1985, appellant filed a motion to correct his erroneous sentence, based upon the fact that one of the three prior felonies alleged to support the original habitual offender finding had subsequently been set aside in a post-conviction relief hearing.

He now claims this subsequent setting aside of one of the prior convictions renders his habitual criminal status void due to a violation of due process of law under the Fourteenth Amendment to the United States Constitution and art. 1, § 12 of the Indiana Constitution because the jury's verdict was presumptively based on an invalid predicate conviction.

The law at the time of appellant's conviction required that appellant be found to have been twice previously convicted, sentenced and imprisoned for felonies in order to be found to be an habitual offender. The fact that the State chose to cite three prior felonies did not invalidate the information. The third felony would be treated merely as surplusage. *Hanks v. State* (1948), 225 Ind. 593, 76 N.E.2d 702. However, appellant now claims that since

one of the prior convictions has been set aside and the jury did not indicate which of the two prior felonies it based the habitual offender status on appellant is now entitled to have the habitual offender status set aside.

■ Following his original conviction, appellant appealed to this Court. *See Eldridge v. State* (1977), 266 Ind. 134, 361 N.E.2d 155, *cert. denied*, 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287. Although appellant might have insisted at his original trial that the jury designate which two of the three felonies they relied upon to fix his habitual criminal status, he did not do so. At this late date we must assume that the jury found that appellant had been convicted, sentenced and imprisoned upon all three of the felonies charged. The fact that appellant subsequently was successful in setting aside one of the three convictions still leaves two convictions established by the evidence in the original trial.

Appellant now claims that the Supreme Court held in his original appeal that State's Exhibit No. 7 was improperly admitted at trial and that it was necessary to establish that he had been imprisoned upon one of the two remaining prior felonies; however, appellant is incorrect in this observation. In the original appeal, the Supreme Court held that State's Exhibits Nos. 5, 6 and 7, purporting to be copies of commitments to the Indiana Reformatory, were not properly certified.

After making such an observation, the Court stated:

"However[,] the error in admitting these exhibits is harmless, as evidence of his convictions and sentences was already before the jury through exhibits 2, 3 and 4. Further, exhibits 8, 9 and 10 were properly authenticated under the terms of Trial Rule 44. The erroneous admission of evidence is harmless when such evidence is cumulative of other evidence properly admitted." *Id.* at 139, 361 N.E.2d at 158–59.

Thus the Supreme Court in the original *Eldridge* case specifically held that there was ample evidence in the record showing conviction, sentencing and imprisonment of appellant on all three felonies.

The records in this case clearly indicate that appellant still stands properly convicted of burglary and is in the status of an habitual offender. The trial court was correct in ruling that his petition for correction of his sentence be denied.

The trial court is affirmed.

PIVARNIK, J., concurs.

SHEPARD, J., concurs in result with separate opinion.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

SHEPARD, Justice, concurring in result.

I join the majority's decision because I regard the situation here as distinguishable from that in *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339. In *Miller*, the case went to the jury on the basis of four prior felonies, two of which did not meet the statutory criteria of Ind. Code § 35–50–2–8 (Burns 1979 Repl.). This Court held that such was reversible, saying, "A general verdict can not stand when the case was tried and submitted on two theories, one bona fide and the other not." 275 Ind. at 460, 417 N.E.2d at 343. In a direct appeal such as *Miller*, the appellant is seeking relief based upon the failure of the trial judge to follow the code. When the failure is shown, an appellant is entitled to relief unless the State can prove beyond a reasonable doubt that the error was harmless.

As the petitioner in a post-conviction proceeding, Eldridge comes to the court in a different posture. He bears the burden of establishing by a preponderance of the evidence that the contentions of his petition are true. *Lipps v. State* (1981), Ind., 428 N.E.2d 237. Here, the contention is that the sentence is erroneous. For all that appears, even without his 1965 conviction, Eldridge is a man who was convicted, sentenced, and imprisoned twice for felonies before he committed the instant burglary. He failed to establish otherwise in the trial court and is not entitled to relief here un-

less it is plain that the conclusion of the post-conviction court was erroneous.

DeBRULER, Justice, dissenting.

Perhaps there is some avenue available for distinguishing between the situation at hand and those situations dealt with in *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339 and *Wells v. State* (1982), Ind., 437 N.E.2d 1333, however, I cannot locate one. In those cases the defendants were convicted of felonies and determined to be habitual offenders. In both the prosecutor was erroneously permitted to amend a habitual offender count by adding an additional prior conviction. The added convictions did not qualify under the habitual offender statute. The cases went to trial with evidence tending to prove the improper prior convictions being introduced along with evidence of at least two proper prior convictions. Such evidence was considered by the juries involved and they returned both determinations of habitual offender status and remanded for further consistent proceedings, although there was sufficient allegation of and evidence of two proper prior convictions in both cases. The court reasoned:

> "[a] general verdict can not stand when the case was tried and submitted on two theories, one bona fide and the other not."

The reasoning was sanctioned by a unanimous court.

The State argues in this appeal that the prior felony convictions in those cases were "improper from the start", whereas in this case the prior theft conviction was valid until the 1984 vacation. I can't see why the time of determining invalidity makes the slightest difference. Furthermore, in this case, as in *Miller & Wells,* there is sufficient evidence from which the jury could have justly and reasonably determined habitual offender status, however the court refused to indulge in the inference or the assumption that the general jury verdict had sufficient integrity, to stand as a basis for the thirty year enhancement. The enhancement here is to life imprisonment.

Being unable to distinguish between cases in which one of more than three priors is knocked out on the one hand in a direct appeal, and on the other hand in a post-conviction proceeding, I vote to reverse and order either discharge or a new trial on the habitual offender count.

DICKSON, J., concurs.