Charles **RICHARDS**, Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 45S00–8704–CR–382.

Supreme Court of Indiana.

March 15, 1989.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Robbery, a Class B felony, and a finding that he is an habitual offender. Appellant received a sentence of ten (10) years for the attempted robbery, which was enhanced by thirty (30) years by reason of his status as an habitual offender.

The facts are: On March 3, 1986 at approximately 10:30 a.m., Percey Barnett and his wife went to a bank in Gary to cash three checks totalling $761. While they were standing in line at the bank, Mr. Barnett noticed appellant standing nearby. After they left the bank, the Barnetts boarded a bus to return home. Shortly after they alighted from the bus but before they reached their home, they were accosted by appellant who was holding a gun. Appellant stated he had seen them in the bank, and he wanted their money.

At that time, a nearby woman began screaming that the police were on their way. Appellant then fled without completing the robbery. The Barnetts flagged down a passing state policeman and advised him of the situation. The trooper pursued a person fitting the description given by the Barnetts but lost view of him. A few moments later he spotted a suspicious looking vehicle and when he attempted to stop the vehicle, a chase ensued which included an exchange of gunfire. The vehicle stopped, and appellant exited the driver's side. A passenger, who was not apprehended, exited the passenger side of the vehicle. The officer opted to pursue appellant and was successful in capturing him. While in custody, appellant gave a statement admitting his involvement in the attempted robbery of the Barnetts.

■ Appellant claims the State did not prove each essential element of the habitual offender charge. He bases this contention on the fact that the State alleged three prior felonies. However, one of the three felonies had taken place prior to the sentencing on one of the other felonies. The State concedes that this is the factual situation. However, the State correctly points out that when more than two prior convictions are alleged and any two of those convictions conform to the statutory requirements, the fact that additional convictions do not so conform is not grounds for reversal. *Hensley v. State* (1986), Ind., 497 N.E.2d 1053.

■ In the present case, two of the alleged convictions clearly conform to the statutory requirement. There was ample evidence before the jury upon which to base their finding that appellant is an habitual offender.

■ Appellant contends the State failed to present properly certified evidence of appellant's prior conviction. He bases this claim on the fact that the records submitted, although certified by the keeper of the records, did not have a seal of his office affixed thereto. The State correctly points out that it is only where proof of the possession of the records is at issue that the necessity for certification by authentication under seal arises. *Brackens v. State* (1985), Ind., 480 N.E.2d 536.

In the present case, the possession of the records was not otherwise at issue. The trial court was correct in finding that the records were adequately authenticated.

■ Appellant claims the jury's verdict was contrary to law in that the State failed to prove each element of the crime of robbery. Appellant bases his claim on what he perceives to be conflicting evidence by

Mr. Barnett as to the clothing worn by the person who attempted to rob him as given to the police officers at the time and the description he gave while testifying at the trial concerning the clothing worn by the would-be robber. This was a matter placed before the jury and it was their prerogative to listen to the testimony of Mr. Barnett and to determine his credibility. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

We would also point out that the jury's verdict is further supported by the statement made at police headquarters by appellant in which he admitted his involvement in the attempted robbery.

The evidence in this case is sufficient to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

SHEPARD, C.J., concurs with separate opinion in which PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

SHEPARD, Chief Justice, concurring.

The case at bar is a different one than *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339, upon which the dissent relies. In *Miller*, the trial court admitted evidence of two convictions for which Miller had not even been sentenced yet on the day of his habitual offender trial. These were not merely "out of sequence." They were not admissible on any grounds.

By contrast, Richards' three convictions were all admissible. One was an offense from the mid–1970s. Two others were later offenses whose dates intertwined such that they were not by themselves "two prior unrelated felonies." However, either of them could combine with the first conviction to establish the necessary predicates for an habitual finding. These last two convictions were, in effect, alternative proofs offered by the prosecution. A jury properly instructed on the definition of "two prior unrelated felonies" is perfectly able to determine from this evidence

whether the State has met its burden of proof. The issue on appeal is simply whether the evidence favorable to the judgment is adequate to support it.

PIVARNIK and DICKSON, JJ., join in this concurrence.

DeBRULER, Justice, dissenting.

The majority acknowledges that one of the three felony convictions used to support the habitual offender determination was ineligible. The majority finds that "when more than two prior convictions are alleged and any two of those convictions conform to the statutory requirements, the fact that additional convictions do not so conform is not grounds for reversal." *Hensley v. State* (1986), Ind., 497 N.E.2d 1053, cited as precedent by the majority, is not supportive of this proposition.

*Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339 is *stare decisis* on this issue. *Miller* provides that when proof of more than two "prior unrelated felony convictions" is presented, and one of those alleged is determined to be ineligible, it cannot be discerned which convictions were relied upon by the jury and therefore the habitual offender determination cannot stand. I consequently dissent on this issue.