Billy NASH, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8608–CR–715.

Supreme Court of Indiana.

Oct. 24, 1989.

William L. Touchette, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was tried by jury. A verdict of guilty of theft of a Buick was returned. The jury was then reconvened and a trial was held on Count II, an allegation of habitual offender status. A verdict was returned finding appellant to be a habitual offender. Judgment was entered, and appellant received a four-year sentence for theft, a Class D felony, which sentence was enhanced by thirty years for a total sentence of thirty-four years.

It is claimed in this appeal that the determination of habitual offender and the thir-

ty-year sentence enhancement cannot stand. The claim is based on two contentions, namely that (1) the prescribed procedure for adding a habitual offender allegation to an existing information was not followed, and (2) there was an allegation and proof of an ineligible felony conviction.

(1)

On December 18, 1985, the prosecution filed a single count information charging appellant with auto theft, a Class D felony. On December 19, 1985, appellant appeared in court, received counsel, entered a preliminary plea of not guilty, and requested an early trial, which was set for February 24, 1986. The court set February 5, 1986, as the date for the omnibus hearing. Thereafter on January 29, 1986, the prosecution filed the allegation of habitual offender as defined by I.C. 35-50-2-8. It was in written form and was entitled "Amended Information for Ct. II, Habitual Offender I.C. 35-50-2-8." The record of proceedings memorializes the following events:

> AND AFTERWARDS on the 29th day of January, 1986, ... State of Indiana appears by Deputy Prosecuting Attorney, Kathleen Burns. Defendant appears in person and by Counsel, Robert Lewis. Defendant complies with Discovery. Count II Habitual Offender is filed and defendant is advised and a general denial is entered on the defendant's behalf. Trial is accelerated to February 18, 1986. Defendant is personally advised.

■ A written allegation of habitual offender status is not a pleading which charges a separate criminal offense. It must, however, be made as a separable part of an indictment or information charging a criminal offense. Because the allegation has such great import for both the State and the accused, the rules governing its proper pleading and prosecution are the same as those governing the pleading and prosecution of outright criminal charges. *Griffin v. State* (1982), Ind., 439 N.E.2d 160. Therefore, if an allegation is not included as part of the State's initial pleading, it can be added by following the procedures for amending indictments and informations.

■ In this appeal, Nash complains that the State did not make the motion to amend its information for theft when adding its allegation of habitual offender as required by I.C. 35-34-1-5(a) and (c) for amending indictments and informations. The purpose of requiring a motion to amend with notice to all parties is to provide trial court oversight of the process and to give the parties an opportunity to be heard on the merits of the proposed amendment and to consider possible continuances and other adjustments. Assuming without deciding that a motion to amend was required in these circumstances because the amendment was not sought more than thirty days before the omnibus date, it is clear from the court's entry of January 29 that the judge, the prosecutor, the defendant and defense counsel were all present when the written allegation of habitual offender, denominated Count II, was filed and a trial date considered. The purposes of the motion to amend were therefore fulfilled, and the lack of that formal motion to amend did no prejudice to substantial rights. There is therefore no error warranting remedy.

(2)

That part of the habitual offender allegation which survived to reach the jury was set forth in the court's Final Instruction No. 1, which reads in pertinent part as follows:

> BILLY NASH accumulated two (2) or more prior unrelated felony convictions, to-wit: 1. On or about January 9, 1976, the said Billy Nash was convicted of and sentenced for *the felonies of Theft and Auto Banditry* in Lake County, Indiana in cause number 4CR-135-675-484. 2. On or about July 27, 1979, the said Billy Nash was convicted of and sentenced for the felony of Interstate Transportation of Stolen Motor Vehicle in the U.S. District Court, ... in cause number HCR-78-85.... (Emphasis added.)

Final Instruction No. 6 informed the jury as follows:

> The term "felony" means any criminal offense for which the perpetrator is sub-

ject to imprisonment for more than one (1) year.

Final Instruction No. 7 informed the jury: The term "prior unrelated felony conviction" means a felony conviction for which the person is convicted and sentenced, *separate and apart from any subsequent felony conviction and sentence.* (Emphasis added.)

While the jury was deliberating, appellant pointed out to the trial court that the auto banditry conviction had been vacated by the Indiana Court of Appeals. The jury returned a general verdict finding appellant to be a habitual criminal. It is conceded by the State that in the direct appeal of the 1976 convictions, the Court of Appeals did set aside that conviction, but points out that in so doing, it affirmed the theft conviction, ruling that the theft and auto banditry offenses were one and the same.

It is proper habitual offender practice for the State to plead and prove more than two prior unrelated felony convictions. The additional convictions are deemed harmless surplusage. *Hudson v. State* (1983), Ind., 443 N.E.2d 834. Where, however, such a group of more than two includes one or more felonies which do not meet statutory criteria and a general verdict of habitual offender is returned, a retrial of the habitual offender allegation is required. *Boarman v. State* (1987), Ind., 509 N.E.2d 177; *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339. This is so because the general verdict of the trier of fact may rest upon an ineligible prior conviction alone. Here, the jury was instructed that appellant was convicted on a single day of two felonies, theft and automobile banditry. Both satisfied the definition of prior unrelated felony conviction in the instructions since both occurred "separate and apart from any subsequent felony conviction and sentence," namely the later federal one for interstate transportation, and both cannot meet the correct statutory criteria in a single case. The jury received no instruction that it could not consider the theft and automobile banditry convictions as separate and unrelated and could have

rationally concluded that those two convictions alone could support a verdict of habitual criminal.

The State contends that the jury was presented in total with only two prior unrelated felony convictions. This reading of the instructions is not tenable. The jury was instructed with the plural "felonies" when referring to the theft and automobile banditry, which is not indicative of a single conviction. Although the single cause number under which the two existed tends to indicate a single conviction, that indication is slight and does not undermine the clear import of the instruction that two felony convictions were had on that date. The jury was presented with an allegation and proof of three prior felony convictions.

The State also contends that the burden was upon the defendant at the trial to prove that his conviction for automobile banditry was set aside on appeal and that he failed in this burden. The State also contends that at the trial, defense counsel took the position that the fact that the auto banditry conviction had been set aside was inconsequential since the appellate court had affirmed the theft conviction. In this instance, the State has appropriately set forth the ruling of the appellate court which set aside the auto banditry conviction. Rules of Professional Conduct, Rule 3.3. The burden is deemed met under these circumstances, and the trial court proceedings are deemed insufficient to constitute a waiver of so fundamental a claim. This situation is unlike *Harper v. State* (1985), Ind., 474 N.E.2d 508, cited by the State. Harper contested the ruling in his habitual offender trial, relying for his claim upon a lack of knowledge of state witnesses as to whether there had been a pardon or setting aside of prior convictions. Here, the ruling of the court on appeal is not contested.

The State next relies on the case of *Eldridge v. State* (1986), Ind., 498 N.E.2d 12. (Shepard, J., concurring in result; DeBruler and Dickson, JJ., dissenting). That case is distinguishable. There this Court held that in a post-conviction case commenced years after a conviction, the petitioner does

not establish grounds for post-conviction relief by proving that one of three felony convictions was set aside subsequent to the original habitual offender trial where all three such convictions were alleged and sufficiently proved at that original trial and satisfied the statutory criteria of I.C. 35–50–2–8. Here the prosecution alleged and proved the theft and auto banditry convictions, and the jury was not instructed that those two convictions alone could not support a verdict of habitual criminal.

The cause is remanded to the trial court with instructions to set aside the sentence and to conduct a new sentencing hearing consistent with this opinion. *See Perkins v. State* (1989), Ind., 542 N.E.2d 549; *Phillips v. State* (1989), Ind., 541 N.E.2d 925. In all other respects, the judgment of the trial court is affirmed. Appellant's motion for appeal bond filed in the Court on April 11, 1989, is denied.

SHEPARD, C.J., and GIVAN and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result.