Maurice DIXON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0008–PC–543.

Court of Appeals of Indiana.

Dec. 20, 2001.

Rehearing Denied Feb. 12, 2002.

Maurice Dixon, Pro Se, Greencastle, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Petitioner–Appellant Maurice Dixon (Dixon) appeals from the denial of his petition for post-conviction relief.

We affirm.

Dixon presents one issue for our review which we restate as: whether the post-conviction court erred by denying his petition.

On March 18, 1987, Dixon was convicted of operating a motor vehicle while intoxicated, a Class D felony. In 1996, Dixon was convicted of theft, a Class D felony. Finally, in April 1999, Dixon was convicted of confinement, a Class D felony. Based upon the two prior, unrelated felony convictions in 1987 and 1996, Dixon was adjudged to be an habitual offender, and he received an enhanced sentence. Dixon then filed a petition for post-conviction relief alleging that the habitual offender enhancement was improperly based upon a vacated conviction. The trial court held an evidentiary hearing and denied Dixon's petition. It is from this denial that Dixon now appeals.

■ The purpose of a petition for post-conviction relief is to provide a means for raising issues unknown or unavailable to a defendant at the time of the original trial and appeal. *Capps v. State,* 709 N.E.2d 24, 25 (Ind.Ct.App.1999), *trans. denied,* 714 N.E.2d 178. Post-conviction procedures are reserved for subsequent collateral challenges and may not provide a "super-appeal" for the convicted. *Weatherford v. State,* 619 N.E.2d 915, 916 (Ind. 1993), *reh'g denied.* A post-conviction petition under Ind. Post Conviction Rule 1 is a quasi-civil remedy, and, as such, the petitioner bears the burden to prove by a preponderance of the evidence that he is entitled to relief. *Mato v. State,* 478 N.E.2d 57, 60 (Ind.1985); P C.R. 1, § 5. The judge who presides over a post-conviction hearing possesses exclusive authority to weigh the evidence and determine the credibility of the witnesses; therefore, on appeal, we will undertake neither task. *Stewart v. State,* 517 N.E.2d 1230, 1231 (Ind.1988). Upon review of a denial of

post-conviction relief, the appellate court will not set aside the post-conviction court's ruling unless the evidence is without conflict and leads solely to a result different from that reached by the post-conviction court. *Id.* In making this determination, we consider only the evidence that supports the decision of the post-conviction court together with any reasonable inferences. *McCullough v. State,* 672 N.E.2d 445, 447 (Ind.Ct.App.1996), *trans. denied,* 683 N.E.2d 578 (1997).

Dixon contends that the trial court erred by denying his petition for post-conviction relief. Particularly, Dixon asserts that the trial court subjected him to an illegal sentence by basing his habitual offender enhancement upon a conviction that had been set aside.

■■■■ We need not reach the merits of Dixon's allegations because he has waived appellate review of this issue. If an issue was available on direct appeal but not litigated, it is waived and may not be asserted in a petition for post-conviction relief. *Elmore v. State,* 688 N.E.2d 213, 216 (Ind. Ct.App.1997), *trans. denied,* 698 N.E.2d 1184 (1998). At the hearing on his post-conviction petition, Dixon presented evidence that his March 18, 1987 conviction was set aside on November 13, 1987. In April 2000, this Court issued an opinion on Dixon's direct appeal in which this issue regarding his habitual determination was not raised. We note that the setting aside of this conviction occurred twelve years before Dixon's habitual offender adjudication in 1999, yet Dixon failed to raise the issue at his 1999 trial. Moreover, he failed to raise it in his direct appeal to this Court in 1999. Therefore, the issue was clearly available to be raised in Dixon's direct appeal but was not. Thus, the evidence does not lead us to a result different from that reached by the post-conviction court.

Based upon the foregoing, we conclude that the post-conviction court properly denied Dixon's petition for post-conviction relief because waiver bars Dixon from raising this issue in any post-conviction petition.

Affirmed.

RILEY, J., and SULLIVAN, J., concur.