**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CARLOS I. CARRILLO**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN S. HABBINGA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1404-CR-281 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1101-FC-3

**November 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Brian Habbinga appeals his convictions and sentence for Class C felony operating a motor vehicle while privileges are forfeited for life, Class A misdemeanor operating a motor vehicle while intoxicated, Class A misdemeanor operating a motor vehicle with at least .15 grams of alcohol, Class D felony operating a motor vehicle while having a prior conviction for operating a motor vehicle while intoxicated, and Class D felony operating a motor vehicle with at least .15 grams of alcohol with a prior conviction. We affirm and remand.

**Issues**

Habbinga raises five issues, which we consolidate and restate as:

      I.     whether his convictions violate double jeopardy; and

     II.    whether he was properly sentenced.

**Facts**

On January 8, 2011, Habbinga was pulled over in Tippecanoe County after an officer saw that his license plate was not properly illuminated and watched him quickly change lanes without signaling, almost spinning out of control. During the traffic stop the officer suspected Habbinga was intoxicated. Habbinga failed three field sobriety tests and had a BAC of .19.

The State charged Habbinga with Count I, Class C felony operating a motor vehicle while privileges are forfeited for life; Count II, Class A misdemeanor operating a motor vehicle while intoxicated; Count III, Class A misdemeanor operating a motor vehicle with at least .15 grams of alcohol; Count IV, Class D felony operating a motor vehicle while having

2

a prior conviction for operating a motor vehicle while intoxicated; and Count V, Class D felony operating a motor vehicle with at least .15 grams of alcohol with a prior conviction. The State also alleged in Count VI that Habbinga was an habitual substance offender ("HSO").

In an open plea, Habbinga pled guilty as charged and admitted to having at least four prior unrelated convictions as alleged by the State in Count VI. In August 2011, he was sentenced. The trial court considered Habbinga's guilty plea as a mitigator and his criminal history, his history of drug and alcohol abuse, and his prior unsuccessful attempts at rehabilitation as aggravators. The trial court sentenced Habbinga to five years on Count I, one year on Counts II and III, two years on Counts IV and V, and five years on Count VI. The trial court ordered the sentences on Counts II, III, IV, and V to be served concurrently and ordered those sentences to be served consecutive to Counts I and VI for a total sentence of twelve years. The trial court ordered Habbinga to serve ten years executed in the Department of Correction with the last four years to be served in a community corrections program if accepted. The remaining two years were suspended to probation.

In 2013, Habbinga filed an amended petition for post-conviction relief challenging his guilty plea and arguing that he received ineffective assistance of counsel. Habbinga also argued that the consecutive sentences resulted in an improper double enhancement. The post-conviction court rejected Habbinga's challenge to his guilty plea and his claim that he received ineffective assistance of counsel. The post-conviction court, however, agreed with Habbinga regarding the alleged sentencing errors and concluded:

> The Petitioner has a valid argument in arguing that the same convictions may have been used as to [sic] prior unrelated convictions to support the enhancement of more than one offense by way of elevating the charge from a misdemeanor to a felony or from a felony to a more serious felony. Also it's not clear what prior unrelated convictions the Court may have used to support sentencing the defendant as a habitual offender. Because of the potential overlap and the potential abuse of the prior unrelated convictions, the Court finds that the sentences should be set aside and the defendant returned to court for sentencing. The second incident that the Court finds is that the sentencing court inappropriately treated Count 6 as a separate offense when Count 6 should have been used as an enhancement for either Counts 4 or 5.

App. p. 47. The post-conviction court vacated the sentence and ordered Habbinga to be resentenced.

On April 11, 2014, Habbinga was resentenced. The trial court did not specifically identify any aggravators or mitigators and maintained the same term of years on each conviction, sentencing Habbinga to five years on Count I, one year on Counts II and III, two years on Counts IV and V, and to five years for being an HSO. The trial court ordered the HSO finding be used to enhance Count IV. The trial court then explained, "Counts 1 through 5 will run concurrently unless otherwise merged and count 6 will be consecutive to all other counts for a total of 10 years." April 11, 2014 Sent. Hr. Tr. p. 12.

Habbinga objected on the basis that the HSO finding improperly enhanced Count I. The State agreed that the HSO finding could not enhance Count I or be run consecutive to Count I but explained that it could enhance Count IV and that Count IV could run consecutive to Count I. The State explained its position that the sentence on Count I would be five years and that the sentence on Count IV would be two years, enhanced by an

4

additional five years by the HSO finding, and those sentences would run consecutively for a total sentence of twelve years.

The trial court then clarified that the HSO finding would enhance Count IV and stated "it's the same sentences on each of the six counts as previously ordered. And the Court's order as I dictated a few moments ago that this will be executed but that the remainder shall be through community corrections at such time as he is accepted into community corrections for the rest of that time." Id. at 16. In its written sentencing order, the trial court ordered Habbinga to:

> execute five (5) years on Count I, one (1) year on Count II, one (1) year on Count III, two (2) years on Count IV, two (2) years on Count V, and five (5) years on Count VI. Count IV would be enhanced by Count VI. Count IV to run consecutive to Count I. . . . The remainder of the executed time should be served in Tippecanoe County Community Corrects if accepted.

App. p. 49. Habbinga now appeals.

**Analysis**

**I. Double Jeopardy**

Habbinga argues that his convictions for Counts II, III, IV, and V constitute double jeopardy and that he should only have been convicted of either Count IV or Count V. Habbinga, however, is raising this issue on direct appeal of his resentencing for convictions that were based on his guilty plea. It is well-settled that "One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal." Tumulty v. State, 666 N.E.2d 394, 395 (Ind. 1996). Accordingly, Habbinga may not challenge these

5

convictions on double jeopardy grounds on direct appeal of his resentencing following his guilty plea.

## II. Sentence

### A. Double Enhancement

Habbinga argues he was improperly subject to a double enhancement because Count IV, which was enhanced by the HSO finding, was run consecutive to Count I. Count I was elevated to a Class C felony because of a September 2000 conviction for operating after having been adjudged an habitual traffic violator. The HSO enhancement was based on a September 2008 operating while intoxicated conviction, a September 2000 operating while intoxicated conviction, a 1997 possession of marijuana conviction, and a 1992 operating while intoxicated conviction. Habbinga contends that the fact that two different September 2000 offenses were used is irrelevant because both crimes arose of the same res gestae. See Dye v. State, 984 N.E.2d 625, 629 (Ind. 2013) (explaining that impermissible double enhancement occurs when the felonies used to establish an habitual offender adjudication and serious violent felon status are "part of the same res gestae."), opinion on reh'g; see also Sweatt v. State, 887 N.E.2d 81, 84 (Ind. 2008) (acknowledging that, although the same prior conviction can be used to enhance one sentence under a progressive penalty statute and to enhance a different sentence under an habitual offender statute, a problem arises if the two sentences are run consecutively).

Habbinga argues that, to run the sentences consecutively, the trial court was required to specifically identify the two predicate offenses serving as the basis for the HSO finding

6

and those sentences must have been unrelated to the case used to elevate Count I. Habbinga acknowledges that the State alleged three other unrelated substance abuse offenses to establish the HSO enhancement but claims that the trial court's failure to identify which offenses formed the basis for the HSO finding requires that either Count I or the HSO finding be set aside or that the sentences be ordered to run concurrently.

The State generally agrees with Habbinga's reading of the law. However, the State contends that there is no double enhancement problem here because the September 2000 operating while intoxicated conviction was entirely unnecessary to prove Habbinga's HSO status. Indeed, the State listed four unrelated offenses in its HSO allegation and, at the guilty plea hearing, Habbinga agreed "that there was no overlap between each of these four convictions and that they are in fact prior unrelated convictions[.]" Guilty Plea Tr. p. 15. It is well settled that, to establish an habitual felony enhancement, "Proof of three or more felony convictions is mere surplusage." Wilson v. State, 511 N.E.2d 1014, 1017 (Ind. 1987); see also Elmore v. State, 688 N.E.2d 213, 216 (Ind. Ct. App. 1997) ("The State may offer proof of more than two prior convictions, with the additional convictions considered to be harmless surplusage."), trans. denied. Based on Habbinga's admission to having three other prior unrelated convictions, we conclude that the inclusion of the September 2000 conviction in the HSO enhancement was mere surplusage and any error in its inclusion was harmless. Thus, Habbinga was not subject to an improper double enhancement because the September 2000 conviction was not necessary to support the HSO finding.

### B.  More Severe Sentence

7

Habbinga contends that the trial court improperly resentenced him to a more severe sentence than he originally received because the revised sentence did not include two years of probation. In response the State asserts that, when the trial court imposed the new sentence, it only moved the HSO enhancement from Count I to Count IV and allowed Habbinga to serve the remainder of his executed term in a community corrections program. According to the State, "the same sentence was imposed except for what the court explicitly changed, and the court did not explicitly say that the last two years were no longer suspended to probation." Appellee's Br. p. 22. The State describes the immediate change to community corrections as a decrease rather than an increase in the sentence. Although the sentencing order is not entirely clear on this point, in light of the State's position that the two years of probation remained unchanged, we cannot agree that the trial court increased Habbinga's sentence. However, we remand for the trial court to clarify the sentencing order in this regard.

Habbinga also claims that it is not clear whether the trial court resentenced him to ten or twelve years or whether he may immediately begin serving the remainder of his executed sentence in a community corrections program. We disagree. When reading the transcript of the sentencing hearing as a whole and the trial court's written sentencing order, it is clear that the trial court intended to impose a total sentence of twelve years and that Habbinga was permitted to serve the remainder of his executed sentence in a community corrections program upon acceptance. See McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007)

8

(explaining that we are to examine both the written and oral sentencing statements to discretion the findings of the trial court).

## C. Abuse of Discretion

Habbinga claims that the trial court erred by sentencing him in excess of the advisory sentences and to consecutive sentences without identifying and weighing the aggravators and mitigators. At resentencing, the trial court did not enter a new sentencing statement evaluating the aggravators and mitigators, nor did it incorporate or otherwise reference its previous evaluation of such. However, it appears that the trial court was focused on correcting the specific errors identified by the post-conviction court. Thus, we suspect that the trial court was relying on the same previously found aggravators and mitigators when it sentenced Habbinga to the same cumulative sentence.

However, to the extent the trial court abused its discretion by not specifically identifying and weighing the aggravators, we are confident it would have imposed the same sentence as was previously imposed based on its earlier evaluation of aggravators and mitigators. See Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007) (holding that if a trial court abuses its discretion in sentencing a defendant, "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.").[1] At the first sentencing hearing, the

---

[1] The cases upon which Habbinga relies for the proposition that the trial court was obligated to identify and weigh all significant aggravators and mitigators were based on the previous presumptive sentencing scheme that was substantially modified in 2005. Under the current advisory sentencing scheme, the trial

trial court considered Habbinga's guilty plea as mitigator and acknowledged that Habbinga accepted responsibility for his actions. As an aggravator, the trial court considered Habbinga's criminal history, which consisted of two felony convictions, eight misdemeanor convictions, two withheld judgments that were dismissed, seven other dismissed cases, removal from a community corrections program, four warrants for failing to appear, five petitions to revoke probation, and a pending petition to revoke probation. The trial court noted, "At age 40 that's just almost an overwhelming criminal history" consisting mostly of substance-related offenses. August 1, 2011 Sent. Hr. Tr. p. 9. The trial court also considered Habbinga's history of illegal drug and alcohol use and that prior attempts at rehabilitation had been unsuccessful, including the fact that he was on probation at the time of this offense. Habbinga does not challenge the propriety of these aggravators and mitigators, and we are confident that the trial court would have imposed the same sentence had it specifically reassessed the aggravators and mitigators at the resentencing hearing. As such, it is unnecessary to remand for resentencing on this basis.

### D. Inappropriateness

Habbinga argues that his twelve-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due

court's weighing of aggravators and mitigators is no longer reviewable for an abuse of discretion. See

10

consideration to that decision. <u>Rutherford v. State</u>, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. <u>Id.</u> "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." <u>Id.</u>

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." <u>Cardwell v. State</u>, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." <u>Id.</u> Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. <u>Id.</u> at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. <u>Davidson v. State</u>, 926 N.E.2d 1023, 1025 (Ind. 2010).

Habbinga was convicted of several offenses, including Class C felony operating a motor vehicle while privileges are forfeited for life and Class D felony operating a motor vehicle while intoxicated with a prior conviction for operating while intoxicated, which sentence was enhanced by five years because of an HSO finding. At resentencing, Habbinga

<u>Anglemyer</u>, 868 N.E.2d at 491.

11

was sentenced to twelve years, with two of those years suspended to probation, and the remainder of the executed time to be served in community corrections if accepted.

Regarding the nature of the offense, a police officer observed Habbinga, whose BAC was over twice the legal limit, making a quick move into the other lane without signaling and causing his car to almost spin out of control. Although he did not cause an accident or injure anyone, his driving while intoxicated in a dangerous manner posed a danger to the public in general.

As for his character, Habbinga did accept responsibility for his actions by pleading guilty in an open plea. This, however, must be considered in light of Habbinga's substantial criminal history for similar offenses. Habbinga has misdemeanor convictions for carrying a handgun without a license, possession of paraphernalia, minor consuming alcoholic beverages, leaving the scene of an accident, possession of marijuana, trespass, public intoxication, and four misdemeanor convictions for operating while intoxicated. He also has felony convictions for operating a motor vehicle after being adjudged an habitual traffic violator and escape. He was found to have violated his probation on five occasions and was on probation when he committed this offense. Further, several other alcohol-related charges have been dismissed over the years, showing extensive and ongoing encounters with the criminal justice system. In light of his extensive criminal history and past failed attempts at leniency, we cannot say that his twelve-year sentence, a good portion of which will be served in a community corrections program and on probation, is inappropriate.

## Conclusion

Habbinga may not challenge his convictions on direct appeal following his guilty plea. He has not established that he was improperly sentenced to a double enhancement. We remand for the trial court to correct the sentencing order to reflect that two years of the twelve-year sentence shall be suspended to probation. Regarding the assessment of aggravators and mitigators, Habbinga has not established that remand is necessary because we are convinced the trial court would have imposed the same sentence. Finally, Habbinga's sentence is not inappropriate. We affirm and remand.

Affirmed and remanded.

BRADFORD, J., and BROWN, J., concur.